IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY, CAMDEN

| | |
|---|---|
| THE CITY OF ATLANTIC CITY, a Municipal Corporation of the State of New Jersey<br><br>                    Plaintiff<br>vs.<br><br>ZEMURRAY STREET CAPITAL, LLC<br><br>    and<br><br>W. WESLEY DRUMMON<br><br>                    Defendants | Docket No. 1:14-cv-05169-RBK-AMD<br><br><br><br>DEFENDANTS' ANSWER AND DEFENSES |

Defendants, by and through their attorney Felix P. Gonzalez, Esquire files the following Answer and Defenses and in support thereof state as follows:

FIRST COUNT

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Denied. This averment is a conclusion of law to which a responsive pleading is not required. Strict proof is demanded at time of trial.

6. Admitted.

7. Denied. Strict proof is demanded at time of trial.

8. Denied. Strict proof is demanded at time of trial.

9. Denied. Strict proof is demanded at time of trial.

10. Denied. Strict proof is demanded at time of trial.

11. Denied. Strict proof is demanded at time of trial.

12. Denied. Strict proof is demanded at time of trial.

13. Denied. Strict proof is demanded at time of trial.

14. Denied. Strict proof is demanded at time of trial.

## SECOND COUNT

1. Defendants incorporate by reference herein all their answers to the First Count of Plaintiff's Complaint as if fully set forth at length.

2. Admitted in Part. Denied in Part. It is admitted that communications between the parties took place via emails. The averments concerning the contents of the emails are denied because Exhibit "B" was not attached to the copy of the Complaint served on Defendants. Strict proof is demanded at time of trial.

3. Denied. Defendants did not breach the agreement entered into by the parties. Strict proof is demanded at time of trial.

4. Denied. Strict proof is demanded at time of trial.

5. Denied. Strict proof is demanded at time of trial.

6. Denied. Strict proof is demanded at time of trial.

7. Denied. Strict proof is demanded at time of trial.

## THIRD COUNT

1. Defendants incorporate by reference herein all their answers to the First and Second Count of Plaintiff's Complaint as if fully set forth at length.

2. through 4. Denied. Strict proof is demanded at time of trial.

## FOURTH COUNT

1. Defendants incorporate by reference herein all their answers to the First, Second and Third Count of Plaintiff's Complaint as if fully set forth at length.

2. to 4. Denied. It is denied that Defendant's "misappropriated" any of the funds that are the subject of this controversy and/or that any of their actions amounted to "tortious interference" that caused Plaintiff any of the damages claimed. Strict proof is demanded at time of trial.

### FIFTH COUNT

1. Defendants incorporate by reference herein all their answers to the First, Second, Third and Fourth Count of Plaintiff's Complaint as if fully set forth at length

2. to 3. Denied. It is denied that Defendants' actions amounted to "bad faith" that caused Plaintiff any of the damages claimed. Strict proof is demanded at time of trial.

### SIXTH COUNT

1. Defendants incorporate by reference herein all their answers to the First, Second, Third, Fourth and Fifth Count of Plaintiff's Complaint as if fully set forth at length.

2. Admitted in Part. Denied in Part. It is admitted that the parties entered into a "Memorandum of Understanding" (MOU). All other allegations are denied because the best evidence will be the contents of the MOU. Strict proof is demanded at time of trial.

3. Denied. Strict proof is demanded at time of trial.

4. to 7. Denied. These averment are conclusions of law to which a response is not necessary. Strict proof is demanded at time of trial.

## SEVENTH COUNT

1. Defendants incorporate by reference herein all their answers to the First, Second, Third, Fourth, Fifth and Sixth Count of Plaintiff's Complaint as if fully set forth at length.

2. through 3. Denied. These averments are conclusions of law to which a response is not necessary. Strict proof is demanded at time of trial.

## EIGHTH COUNT

1. Defendants incorporate by reference herein all their answers to the First, Second, Third, Fourth, Fifth, Sixth and Seventh Count of Plaintiff's Complaint as if fully set forth at length.

2. through 4. Denied. These averments are conclusions of law to which a response is not necessary. Strict proof is demanded at time of trial.

## NINTH COUNT

1. Defendants incorporate by reference herein all their answers to the First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Count of Plaintiff's Complaint as if fully set forth at length.

2. Denied. Strict proof is demanded at time of trial.

3. through 5. Denied. These averments are conclusions of law to which a response is not necessary. Strict proof is demanded at time of trial.

WHEREFORE, Defendants pray that this Honorable Court dismiss Plaintiff's Complaint with prejudice and for such other relief as the Court deems just and equitable.

Respectfully submitted,

*[signature]*

FELIX P. GONZALEZ, ESQ.
3403 Iron Rock Court
Pennsauken, N.J. 08109
Phone: 856-756-0333   Fax: 888-511-1940
Email: felixatty@yahoo.com

Date: October 14, 2014

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSES

Plaintiff's Complaint fails to allege facts of a cause of action for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant, W. Wesley Drummon was at all times relevant to this matter acting in his capacity as an employee, partner, member or agent for Zeemurray Street Capital, L.L.C. and therefore he can not be held individually liable for any of Plaintiff's alleged damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's cause of action arose only out of contract, rather than out of tort, and therefore Defendant W. Wesley Drummon who at all times relevant was acting as an officer of Zeemurray Street Capital, L.L.C., can not be personally liable for the alleged participation of a tort committed by the corporation and he was not a party to the contract that is the basis of Plaintiff's claim.

### FOURTH AFFIRMATIVE DEFENSE

Zeemurray Street Capital, L.L.C. did not breach the terms of the "Memorandum of Understanding" (MOU) that is the basis for Plaintiff's breach of contract claim.

### FIFTH AFFIRMATIVE DEFENSE

Zeemurray Street Capital, L.L.C. did not owe a duty of care to the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

A tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law.

### SEVENTH AFFIRMATIVE DEFENSE

Zeemurray Street Capital, L.L.C. did not breach its duties under the terms of the contract.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants did not misappropriate any monies from Plaintiff.

### RESERVATION OF DEFENSES AND OBJECTIONS

The answering defendants, Zeemurray Street Capital, L.L.C. and W. Wesley Drummon, hereby reserve the right to interpose such other defenses and objections as continuing investigation may disclose.

### DESIGNATION OF TRIAL COUNSEL

Felix P. Gonzalez, Esquire, is hereby designated as trial counsel in the above matter.

### CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify that, upon information and belief, the matter in controversy is not the subject of any other pending matter.

## PROOF OF E-FILING

On October 14, 2014, I, the undersigned, electronically filed the within Answer.

                                               Respectfully submitted;

                                               FELIX P. GONZALEZ, ESQ.
                                               3403 Iron Rock Court
                                               Pennsauken, N.J. 08109
                                               Phone:  215-901-7832
                                               Fax: 1-888-511-1940
                                               Email:  felixatty@yahoo.com
                                               Attorney for Defendants

Date:  October 14, 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY, CAMDEN

| | |
|---|---|
| THE CITY OF ATLANTIC CITY, a Municipal Corporation of the State of New Jersey<br><br>Plaintiff<br>vs.<br><br>ZEMURRAY STREET CAPITAL, LLC<br><br>and<br><br>W. WESLEY DRUMMON<br><br>Defendants | Docket No. 1:14-cv-05169-RBK-AMD<br><br><br>CERTIFICATE OF SERVICE |

I, Felix P. Gonzalez, Esquire certifies that a copy of Defendants' Answer and Defenses was served upon the following via first class mail on the date of the electronic filing of this pleading on the following person via First Class U.S. Mail:

>Michael J. Perugini, Esquire
>Assistant City Solicitor
>The City of Atlantic City
>City Solicitor's Office
>1301 Bacharach Blvd.
>City Hall – Room 406
>Atlantic City, N.J. 08401

*[signature]*
FELIX P. GONZALEZ, ESQ.
3403 Iron Rock Court
Pennsauken, N.J. 08109
Phone: 215-901-7832
Fax: 1-888-511-1940
Email: felixatty@yahoo.com
Attorney for Defendants

Date: October 14, 2014