# GILMORE & MONAHAN

GEORGE R. GILMORE
THOMAS E. MONAHAN·
JEAN L. CIPRIANI
· Certified Civil Trial Attorney

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
ALLEN STREET PROFESSIONAL CENTER
TEN ALLEN STREET
P.O. BOX 1540
TOMS RIVER, NEW JERSEY 08754
(732) 240-6000 | FAX (732) 244-1840

Please reply to:
P.O. BOX 1540
TOMS RIVER, NEW JERSEY 08754

MICHAEL J. GILMORE
JARED J. MONACO
LAUREN R. STAIGER
ROBIN LA BUE
ANDREA E. WYATT
DENIS P. KELLY
PATRICK L. CIMINO
CHRISTEN E. MCCULLOUGH
MICHAEL S. NAGURKA
CHRISTOPHER A. KHATAMI

August 24, 2015

Honorable Ann Marie Donio
Mitchell H. Cohen Bldg. & US Courthouse
4th & Cooper Streets
Camden, NJ 08101

Re:   City of Atlantic City v. Zeemurray Street Capital, et al.
      Civil No. 14-5169 (RBK/AMD)

Dear Judge Donio:

Please accept this letter in lieu of a more formal brief in support of Plaintiff's Motion to Compel the re-deposition testimony of Defendant W. Wesley Drummon in the above-entitled case.

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL THE RE-DEPOSITION TESTIMONY OF DEFENDANT W. WESLEY DRUMMON

Pursuant to Federal Rule of Civil Procedure 37(a), Local Rule 7.1, and this Court's May 29, 2015 Scheduling Order, Plaintiff, City of Atlantic City, (hereinafter "Plaintiff"), hereby respectfully submits this Memorandum in support of their Motion to Compel the re-deposition testimony of Defendant W. Wesley Drummon.

### PROCEDURAL POSTURE

Plaintiff originally filed suit against Defendants, W. Wesley Drummon and Zemurray

# GILMORE & MONAHAN
**A PROFESSIONAL CORPORATION**
**COUNSELLORS AT LAW**

The Honorable Ann Marie Donio, U.S.M.J.
Page 2
August 24, 2015

Street Capital, LLC (hereinafter "Defendants") on July 15, 2014 in New Jersey Superior Court, Law Division in Atlantic County. Defendants filed an Amended Notice of Removal of this action to Federal District Court on September 25, 2014 pursuant to 28 U.S.C. § 1332 and 28 U.S.C. §§ 1441(a) and 1446. This firm was retained to represent the City of Atlantic City pursuant to the Substitution of Attorney order on April 15, 2015.

Plaintiff's original complaint against the Defendants alleged breach of contract, breach of implied covenant of good faith and fair dealing, misrepresentation/fraud in execution of the contract, consumer fraud, and conversion of funds in connection with the execution of a memorandum of understanding contract that required Defendants to administer and implement $3,000,000.00 in city funds for the Atlantic City Community Development Loan Program.

Through the course of on-going discovery, Plaintiff unearthed additional documents that demonstrated additional facts and parties involved in Defendants' scheme to defraud Plaintiff in the amount of $3,000,000.00 in city funds. On or about July 17, 2015, Plaintiff filed a motion for leave to file the First Amended Complaint asserting germane, additional causes of action against the original defendants, W. Wesley Drummon and Zemurray Street Capital, LLC, in addition to naming five additional parties as co-defendants: Tennessee Business and Industrial Development Corporation, Gary Lax, Michael Lax, Latan Family Trust, and Taipan Holdings. This motion is pending before Your Honor, as the Court allowed defense counsel additional time to respond.

On July 16, 2015, Plaintiff took the deposition of Defendant W. Wesley Drummon at the

# GILMORE & MONAHAN
**A PROFESSIONAL CORPORATION**
**COUNSELLORS AT LAW**

The Honorable Ann Marie Donio, U.S.M.J.
Page 3
August 24, 2015

offices of the Regus Center in Cherry Hill, NJ. After stating the instructions of the deposition to Defendant Drummon, Plaintiff's counsel asked one question:

> Q.: All right. Mr. Drummon, you are somehow related to Zemurray?
>
> A: Well at this point counselor, I am invoking my rights under the Fifth Amendment United States Constitution, the right to self-incrimination. (See Drummon Transcript at T7:10-15 attached hereto as Exhibit "A").

Plaintiff's counsel asked Defendant Drummon whether he wished to invoke his Fifth Amendment right against self-incrimination "with any of the questions that I'm going to ask you today with regards to the loan?" (Drummon Transcript at T7:23-25 and T8:1). Defendant Drummon responded: A. Yes. (Drummon Transcript T8:2). No other questions were posed to Defendant Drummon at the deposition, as he invoked his Fifth Amendment right against self-incrimination at the outset of the deposition and refused on that basis to answer any other questions.

## SUMMARY OF ARGUMENT

Federal Rule of Civil Procedure 37(a) permits the Court to issue an order compelling disclosure or discovery if a deponent fails to answer a question at his deposition.

The interplay between the deponent's Fifth Amendment right against answering self-incriminating questions and the deponent's duty to answer questions relevant to discovery in the case is well established by the case law. The Fifth Amendment privilege against self-

GILMORE & MONAHAN
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

The Honorable Ann Marie Donio, U.S.M.J.
Page 4
August 24, 2015

incrimination may be asserted in a civil action as well as a criminal action. National Life Ins. Co. v. Hartford Acc. and Indem. Co., 615 F.2d 595, 597-98 (1980). The deponent who seeks protection under the Fifth Amendment privilege against compelled self-incrimination cannot make a blanket invocation of the privilege prior to the answering of any questions. National Life Ins. Co. v. Hartford Acc. and Indem. Co., 615 F.2d 595, 597-98 (1980); In re Commonwealth Financial Corp., 2008 F. Supp. 786 (E.D. Pa. 1968), aff'd, 408 F.2d 640 (3d Cir. 1969); Ameriprise Financial Services, Inc. v. Koenig, 2012 WL 693042 (D.N.J. 2012).

In this case, Defendant Drummon appeared at his deposition with his attorney present on July 16, 2015. Plaintiff's counsel issued the deposition instructions to Drummon and then posited his first question regarding Drummon's relationship to Zemurray, at which time Drummon made a blanket invocation of his fifth amendment right against self-incrimination as to any questions regarding the loan program. (Drummon Transcript at T7:23-25 and T8:1). Drummon's blanket invocation of his fifth amendment privilege against self-incrimination is flagrantly contrary to this District Court's holding in Ameriprise Financial Services, Inc. v. Koenig, 2012 WL 693042 (D.N.J. 2012) that the deponent cannot make a blanket invocation of the privilege, which reasoning is anchored by the Third Circuit's holding in National Life Ins. Co. v. Hartford Acc. and Indem. Co., 615 F.2d 595, 597-98 (1980) and by the U.S. Supreme Court's analysis in Hoffman v. U.S., 341 U.S. 479, 487, 71 S.Ct. 814, 818 (1951).

Accordingly, Plaintiff respectfully requests that this Court enter an Order compelling the re-deposition testimony of Defendant W. Wesley Drummon. This Order will afford Plaintiff's

## GILMORE & MONAHAN
**A PROFESSIONAL CORPORATION**
**COUNSELLORS AT LAW**

The Honorable Ann Marie Donio, U.S.M.J.
Page 5
August 24, 2015

counsel his rightful opportunity to propound his entire panoply of questions relevant to this matter, at which time Drummon may choose whether he wishes to invoke his fifth amendment privilege against self-incrimination on the basis of each question asked. This will also allow the Court at a later time to determine whether Drummon's invocation of the privilege is warranted for specific questions.

### STATEMENT OF FACTS

Defendants Drummon and Zemurray entered into a Memorandum of Understanding contract to implement and administer city funds in the amount of $3,000,000.00 for the Atlantic City Community Development Loan Program. The contract required Defendants Drummon and Zemurray to provide quarterly reports accounting for the status of funds to the Mayor's Office. In addition, these city funds were deposited into an escrow account at City National Bank pursuant to the mutual agreement of Plaintiff and the aforesaid defendants. Drummon and Zemurray breach their reporting and accounting obligations under the contract with Plaintiff by failing to provide reports.

Defendants Drummon and Zemurray had been courting and negotiating for the purchase of TN BIDCO since at least the summer of 2012 and did not consummate the purchase of TN BIDCO until after it received by fraud $3,000,000.00 from Plaintiff on August 23, 2013. The other newly discovered parties include defendants, Gary Lax, Michael Lax, Latan Family Trust, and Taipan Holdings, LLC who participated individually and in concert to perpetuate the fraud of TN BIDCO's consent to participate in the loan origination of the AC loan program. Gary Lax

# GILMORE & MONAHAN
**A PROFESSIONAL CORPORATION**
**COUNSELLORS AT LAW**

The Honorable Ann Marie Donio, U.S.M.J.
Page 6
August 24, 2015

was a co-shareholder and managing member of Zemurray through his holding company Latan Family Trust. Drummon was a co-shareholder and managing member of Zemurray through his holding company Taipan Holdings, LLC. After Zemurray's purchase of TN BIDCO, Gary Lax became Chairman of the Board of Directors and he installed his brother, Michael Lax, to run daily operations.

On July 16, 2015, Defendant Drummon appeared at his deposition with his attorney present. After Plaintiff's counsel issued the deposition instructions and posited his first question regarding Drummon's relationship to Zemurray, Drummon made a blanket invocation of his Fifth Amendment privilege against self-incrimination. Defendant Drummon's deposition testimony is relevant to establishing a factual record of the flow of city funds put in the custody of Drummon and Zemurray Street Capital, LLC for the purpose of implementing and setting up the Atlantic City Community Development Loan program.

Moreover, Drummon's answers to interrogatories describe the general details of the flow of city funds, but more substantive details are needed regarding the transfer of funds and communications with the Tennessee Business and Industrial Development Corporation (hereinafter "TN BIDCO") between July 2012 and August 2013. Drummon acted as an agent/employee/member of Zemurray Steet Capital, LLC in his discussions with Plaintiff regarding the Loan program. Zemurray's and Drummon's understanding of the contract terms at the time of contract formation, memorialized in the Memorandum of Understanding, are equally significant in probative value to proving Plaintiff's claims.

**GILMORE & MONAHAN**
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

The Honorable Ann Marie Donio, U.S.M.J.
Page 7
August 24, 2015

## ARGUMENT

I. **The Deponent May Not Make a Blanket Invocation of His Fifth Amendment Privilege Against Self-Incrimination Prior to the Answering of Any Questions**

Defendant Drummon cannot use the shield of the Fifth Amendment privilege against self-incrimination by blanket invocation prior to the answering of any questions. Federal Rule of Civil Procedure 37(a) requires that the Court compel the deposition of a party who refuses to answer questions or cooperate at his deposition.

The Fifth Amendment against self-incrimination applies in civil actions as well as criminal matters. National Life Ins. Co. v. Hartford Acc. and Indem. Co., 615 F.2d 595, 598 (1980)(citing McCarthy v. Arndstein, 266 U.S. 34, 40, 45 S.Ct. 16, 17, 69 L.Ed. 158 (1924)). As a threshold matter, the privilege may be asserted only if there is a "reasonable, real, and appreciable" threat of future prosecution. U.S. v. Gecas, 120 F.3d 1419, 1424 (11th Cir. 1997).

The Fifth Amendment shields the deponent against compelled self-incrimination, not legitimate inquiry, in the truth-seeking process. The task of discerning the self-incriminating from the non-incriminating falls upon the witness asserting the privilege in the first instance." National Life Ins. Co. v. Hartford Acc. and Indem. Co., 615 F.2d 595, 598 (1980). It is the Court's responsibility, however, to objectively assess whether the invocation of the privilege is justified. Id. Therefore, the Court cannot effectively determine whether " 'a responsive answer to a question or an explanation of why it cannot be answered might be (incriminating)' except in the context of a propounded question." National Life Ins. Co. v. Hartford Acc. and Indem. Co., 615 F.2d 595, 597-98 (1980)(quoting Hoffman v. U.S., 341 U.S. 479, 487, 71 S.Ct. 814, 818

**GILMORE & MONAHAN**
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

The Honorable Ann Marie Donio, U.S.M.J.
Page 8
August 24, 2015

(1951)).  Put simply, questions need to be asked for the court to determine whether it poses a threat of incriminating the deponent in a future prosecution.

As the U.S. Supreme Court concluded in Hoffman, although the fifth amendment privilege against self-incrimination must be liberally construed in favor of the right it was intended to secure, the privilege may not be exercised solely upon the subjective determination of the witness who invokes it.  The Hoffman court stated further that:

> The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself his say-so does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified, and to require him to answer if "it clearly appears to the court that he is mistaken."

Moreover, this Court should be guided by the similar facts in National Life Ins. Co. v. Hartford Acc. and Indem. Co., 615 F.2d 595 (1980).  In that case, the deponent appeared at his deposition, stated his name and business address, and then through his counsel refused to answer questions based on his privilege against self-incrimination and left the deposition proceeding before any other questions could be asked.  Counsel for National Life Insurance continued to ask each individual question in absentia, recording no response to each of the remaining questions. Id. at 596-97.  National Life Insurance moved to compel the deponent's re-deposition, requiring

# GILMORE & MONAHAN
**A PROFESSIONAL CORPORATION**
**COUNSELLORS AT LAW**

The Honorable Ann Marie Donio, U.S.M.J.
Page 9
August 24, 2015

him to assert his privilege against self-incrimination as to each question, rather than a blanket invocation. Id. at 597. The trial court denied National Life's motion, but on appeal the Third Circuit Court of Appeals reversed. The court, relying on the U.S. Supreme Court's analysis of the scope of invocation of the privilege against self-incrimination in Hoffman, reasoned that "a witness cannot relieve himself of the duty to answer questions that may be put to him buy a mere blanket invocation of the privilege." Id. at 598.

The Third Circuit recognized that although the deponent retains his right to invoke the privilege based on his perception of questions that pose a threat of incriminating responses, the trial court judge must have a clear record of the specific individual questions asked of the deponent to determine whether the questions pose a real and reasonable threat of future prosecution and/or would furnish a link in the chain of evidence needed to prosecute the deponent. S.E.C. v. Banc de Binary, et. al. Case No. 2:13-cv-993, 2014 WL 1030862 (D. Nev. March 14, 2011)(citing Malloy v. Hogan, 378 U.S. 1 (1964)). The deponent's blanket invocation precludes the trial court judge from making such determination and prejudices the other litigating party from obtaining discovery to prosecute its claim. See also Hillman v. City of Chicago, 918 F. Supp. 2d 775, 780 (N.D. Ill. 2013)(granting the motion to compel and directing deponents to re-submit to deposition to assert the privilege against self-incrimination only when warranted).

Similarly, in the instant matter, this Court must have the opportunity to assess at a later time whether specific questions asked of Drummon at deposition are properly shielded by the

# GILMORE & MONAHAN
**A PROFESSIONAL CORPORATION**
**COUNSELLORS AT LAW**

The Honorable Ann Marie Donio, U.S.M.J.
Page 10
August 24, 2015

privilege, and Plaintiff must not be deprived of the opportunity to obtain discovery that should

not be protected by a blanket invocation of the privilege.

**GILMORE & MONAHAN**
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

The Honorable Ann Marie Donio, U.S.M.J.
Page 11
August 24, 2015

## **CONCLUSION**

For the above reasons, Plaintiff's Motion to Compel the Re-Deposition Testimony of Defendant W. Wesley Drummon should be granted.

Respectfully submitted,

*/S/ Christopher A. Khatami*

CHRISTOPHER A. KHATAMI
For the Firm
cak@gm-law.net

Cc: Felix P. Gonzalez, Esq.