**GILMORE & MONAHAN, P.A.**
Ten Allen Street
P.O. Box 1540
Toms River, NJ 08754
(732) 240-6000
Attorneys for **Plaintiff, City of Atlantic City**
Christopher A. Khatami, Esq., Bar ID# 043472013
Thomas E. Monahan, Esq., Bar ID# 009351976

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| **THE CITY OF ATLANTIC CITY,** | : | Civil No.: 14-5169 (RBK/AMD) |
| | : | |
| Plaintiff(s), | : | **FIRST AMENDED COMPLAINT** |
| v. | : | |
| **ZEMURRAY STREET CAPITAL, LLC, W. WESLEY DRUMMON, TENNESSEE BUSINESS & INDUSTRIAL DEVELOPMENT CORPORATION d/b/a TN BIDCO, GARY A. LAX, MICHAEL J. LAX, LATAN FAMILY TRUST 1, TAIPAN HOLDINGS, LLC, ABC PARTNERSHIPS 1-10 (fictitious defendants), JOHN DOE (1-10), MARY DOE (1-10), XYZ CORPORATION (1-10), FICTITIOUS PERSONS AND ENTITIES, DEF SHAREHOLDERS, TRUSTS, and HOLDING COMPANIES (1-10).** | : : : : : : : : | |
| Defendant(s). | : | |

ILMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
en Street Professional Center
Ten Allen Street
P.O. Box 1540
oms River, New Jersey 08754

**Defendants**:
W. Wesley Drummon
718 East 218th Street
Bronx, NY 10467—5804

Zemurray Street Capital, LLC

299 Park Avenue, Sixth Floor
New York, NY 10171

Tennessee Business and Industrial Development Corporation
1301 East Wood Street
Paris, Tennessee 38242—4412

Gary A. Lax
5335 Wisconsin Avenue NW #780
Washington, D.C. 20015

Michael J. Lax
2106 Spring Hill Circle
Spring Hill, TN 37174

Latan Family Trust 1
2024 Trenton Drive
Spring Hill, TN 37174

Taipan Holdings, LLC
242 Cheyenne Drive
Bear, DE 19701

Plaintiff, the CITY OF ATLANTIC CITY, a municipal corporation located at 1301 Bacharach Boulevard, Atlantic City, County of Atlantic, State of New Jersey, by way of Complaint against the Defendants hereby states as follows:

## NATURE OF THE ACTION

1.  On or about May 22, 2013, the City Council of Atlantic City passed Resolution No. 450 authorizing the execution of the Memorandum of Understanding (hereinafter "MOU") between Plaintiff and Zemurray Street Capital, LLC (hereinafter "Zemurray") for the implementation and administration of the Atlantic City Community Loan Development Program (hereinafter "loan program").

2.  The MOU was a binding contract between Plaintiff and Zemurray that required Plaintiff to provide loan funds in the sum of Three Million Dollars

ILMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
en Street Professional Center
Ten Allen Street
P.O. Box 1540
oms River, New Jersey 08754

($3,000,000.00), and Zemurray was required to implement the loan program by providing quarterly reports accounting for the status of the loan funds and overseeing loan originations to be performed by SBA-certified lender Tennessee Business and Industrial Development Corporation (hereinafter "BIDCO").

3.   Zemurray made fraudulent misrepresentations about its business relationship and agreements with BIDCO in connection with the loan program before and after execution of the MOU.  Specifically, Zemurray misrepresented to Plaintiff that it had a business relationship with BIDCO and that BIDCO had agreed to perform the loan origination functions set forth in the MOU.

4.   On or about June 20, 2013, Plaintiff, Zemurray, and escrow agent, Amalgamated Bank based in New York City, executed an escrow agreement to provide Three Million Dollars ($3,000,000.00) in loan funds for Zemurray to oversee and implement in conjunction with BIDCO's loan origination.  The escrow agreement with Amalgamated Bank was scrapped because Amalgamated did not meet the requirements under the Governmental Unit Protection Act, N.J.S.A. 17:9-41, et. seq.

5.   On or about July 19, 2013, Plaintiff, Zemurray, and City National Bank of New Jersey executed an escrow agreement that gave Zemurray authority to withdraw and disburse the loan funds in the amount of Three Million Dollars ($3,000,000.00) for the purposes set forth in the MOU.

6.   On or about August 23, 2013, Zemurray wire transferred loan funds in the amount of Three Million Dollars ($3,000,000.00) from the escrow account at City National Bank to BIDCO's account at First Bank in Tennessee.

7.   On or about August 25, 2013, Zemurray improperly used funds allocated for the loan program to purchase BIDCO and to pay BIDCO shareholders for their shares in the company.

ELMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
...n Street Professional Center
Ten Allen Street
P.O. Box 1540
...ms River, New Jersey 08754

8. Zemurray failed to provide any quarterly report accounting for the loan funds, except for a March 2014 status report, the sum and substance of which does not provide any indication of where the Three Million Dollars ($3,000,000.00) was located or how the funds had been spent.

9. Despite repeated demands from Plaintiff for accounting of the loan funds and subsequent demands for return of the loan funds, Zemurray has not returned the Three Million Dollars ($3,000,000.00) that rightfully belongs to Plaintiff.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction to adjudicate this matter pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441.

## THE PARTIES

11. Defendant, Zemurray Street Capital, LLC, a Delaware Limited Liability Company, located 299 Park Avenue, Sixth Floor, New York, NY 10171.

12. Defendant, W. Wesley Drummon (hereinafter "Drummon"), individually, and as a member, managing partner, principal, and shareholder of Zemurray, is an individual residing at the last known address of 718 East 218th Street, Bronx, NY 10467—5804.

13. Drummon controls and owns Zemurray as a shareholder through his controlling stake in a holding company named Taipan Holdings, LLC (hereinafter "Taipan").

14. Defendant Gary A. Lax (hereinafter "Gary"), individually, and as a member, manager, principal, and shareholder of Zemurray, is an individual whose known business address is 5335 Wisconsin Avenue NW #780, Washington, D.C. 20015.

15. Gary owns and controls Zemurray as a shareholder through his controlling stake in a holding company named Latan Family Trust 1 (hereinafter "Latan").

ILMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
on Street Professional Center
Ten Allen Street
P.O. Box 1540
onns River, New Jersey 08754

4

16. Defendant, Tennessee Business & Industrial Development Corporation, d/b/a TN BIDCO, a Tennessee registered corporation, located at 1301 East Wood Street, Paris, Tennessee 38242-4412.

17. On or about August 25, 2013, BIDCO became a subsidiary corporation owned completely by Zemurray.

18. After the purchase of BIDCO, Gary served as Chairman of the BIDCO and installed his brother, Michael J. Lax (hereinafter "Michael"), as executive officer responsible for running the daily operations of BIDCO.

19. At all times material hereto, Drummon acted individually and in his capacity as an employee, principal, partner, member, officer, director, consultant, independent contractor, or agent for Zemurray and/or BIDCO.

20. At all times material hereto, Gary acted individually and in his capacity as an employee, principal, partner, member, officer, director, consultant, independent contractor, or agent for Zemurray and/or BIDCO.

21. At all times material hereto, Michael acted individually and in his capacity as an employee, principal, partner, member, officer, director, consultant, independent contractor, or agent for Zemurray and/or BIDCO.

22. At all times material hereto, ABC Partnerships acted, individually and in their capacity as an employee, principal, partner, member, officer, director, consultant, independent contractor, or agent for Zemurray and/or BIDCO, and acted with said Defendants in a manner so as to deprive the Plaintiff of Three Million Dollars ($3,000,000.00) in accordance with the allegations contained in this Complaint.

23. At all times material hereto, JOHN DOE (1-10) acted, individually or in his capacity as an employee, principal, partner, member, officer, director, consultant, independent contractor, or agent for Zemurray and/or BIDCO, and acted with said Defendants in a manner so as to deprive the Plaintiff of Three Million Dollars

ILMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
en Street Professional Center
Ten Allen Street
P.O. Box 1540
ms River, New Jersey 08754

($3,000,000.00) in accordance with the allegations contained in this Complaint.

24. At all times material hereto, MARY DOE (1-10) acted, individually or in her capacity as an employee, principal, partner, member, officer, director, consultant, independent contractor, or agent for Zemurray and/or BIDCO, and acted with said Defendants in a manner so as to deprive the Plaintiff of Three Million Dollars ($3,000,000.00) in accordance with the allegations contained in this Complaint.

25. At all times material hereto, XYZ Corporations acted, individually or in their capacity as an employee, principal, partner, member, officer, director, consultant, independent contractor, or agent for Zemurray and/or BIDCO acted with said Defendants in a manner so as to deprive the Plaintiff of Three Million Dollars ($3,000,000.00) in accordance with the allegations contained in this Complaint.

26. At all times material hereto, DEF Shareholders, Trusts, and Holding Companies acted individually and in their capacity as an employee, principal, partner, member, officer, director, consultant, independent contractor, or agent for Zemurray and/or BIDCO, and acted with said Defendants in a manner so as to deprive the Plaintiff of Three Million Dollars ($3,000,000.00) in accordance with the allegations contained in this Complaint.

## THE MEMORANDUM OF UNDERSTANDING CONTRACT

27. On or about May 22, 2013, the City Council of Atlantic City passed Resolution No. 450 authorizing the execution of a Memorandum of Understanding (hereinafter "MOU") with Zemurray based upon the representation that Zemurray "has demonstrated that it has the experience and expertise necessary to establish and administer, together with the City of Atlantic City, a community development lending progam…"

28. On or about July 11, 2013, the City Council of Atlantic City adopted Ordinance

ILMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
en Street Professional Center
Ten Allen Street
P.O. Box 1540
ms River, New Jersey 08754

No. 35 that authorized the establishment of funds in the amount of Two Million Dollars ($2,000,000.00) from another redevelopment fund for a Commercial lending program geared toward eligible small businesses and One Million Dollars ($1,000,000.00) for a Residential lending program geared toward eligible residents of Atlantic City.

29. On or about May 31, 2013, Plaintiff executed a Memorandum of Understanding contract with Zemurray, signed by its member/managing partner, Drummon, which created a loan fund in the amount of Three Million Dollars ($3,000,000.00) for the express purpose of providing small business financing and residential mortgage financing to certain eligible businesses and residents of Atlantic City for a period of five (5) years beginning from the date of the MOU.

30. The MOU stipulates that the loan funds would be implemented and overseen by Zemurray and, at Zemurray's selection, BIDCO would administer the funds by originating loans to borrowers who meet certain eligibility criteria in accordance with guidelines of the Small Business Administration and other state and federal residential housing programs.

31. The MOU requires the loan funds to be deposited in an Escrow Account with Amalgamated Bank, a New York City-based financial institution, or another FDIC-insured financial institution mutually agreed upon by Plaintiff and Zemurray.

32. Initially, the parties agreed to deposit the loan funds into an Escrow Account with Amalgamated Bank, but changed the financial institution to City National Bank in Newark, NJ in order to comply with the statutory requirements of the Governmental Unit Protection Act, N.J.S.A. 17:9-41, et. seq.

33. The MOU expressly requires that the loan funds deposited into the escrow account shall be used to establish the Loan Fund and can only be released in accordance with the terms of the escrow agreement.

ILMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
en Street Professional Center
Ten Allen Street
P.O. Box 1540
ms River, New Jersey 08754

34. The MOU set forth reporting requirements that obligated Zemurray to provide the Mayor's Office within forty-five (45) calendar days after the end of each calendar quarter a report accounting for the loan funds.

35. The MOU also requires Zemurray to ensure return of all of the loan funds to the Plaintiff within thirty (30) calendar days from the end of the five (5) year term of the MOU.

36. The MOU also requires that if the Loan Fund was not funded up to the maximum of Five Million Dollars ($5,000,000.00) within the first six (6) months of the loan program, then Zemurray must reduce its estimates for total lending under the Loan Program and report these revised estimates to the Mayor's Office within thirty (30) calendar days after the initial six month period.

## THE ESCROW AGREEMENT

37. On or about June 20, 2013, Plaintiff, Zemurray, and Amalgamated Bank executed an Escrow Agreement naming Amalgamated as the escrow agent, and creating the escrow account in the name of "Zemurray Street Capital, LLC Escrow Account."

38. Due to the restrictions under the Governmental Unit Protection Act, N.J.S.A. 17:9-41, et. seq., Plaintiff changed the escrow agent from Amalgamated Bank, based in New York City, to City National Bank (hereinafter "City National") based in Newark, NJ.

39. On or about July 19, 2013, Plaintiff, Zemurray, and City National executed an Escrow Agreement establishing City National as the designated escrow agent and creating the depository account in the name of "Zemurray Street Capital, LLC Escrow Account."

40. Paragraph 3 of the Escrow Agreement requires City National to invest the loan funds deposited into the escrow account and re-deposit all earnings into the escrow

GILMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
Main Street Professional Center
Ten Allen Street
P.O. Box 1540
Toms River, New Jersey 08754

account.

41. Paragraphs 4 and 5 of the Escrow Agreement empowers Zemurray to give City National instructions with respect to the funds in the escrow account, including disbursement, withdrawal, and transfer of funds.   In addition, City National could not disburse the escrow funds without prior written instructions from Zemurray.

## CAUSES OF ACTION
## FIRST COUNT
## BREACH OF CONTRACT

42. Plaintiff, City of Atlantic City, a municipal corporation entered into the MOU contract with Zemurray, signed by Drummon acting on behalf of the company as its principal officer.

43. The terms of the MOU contractually bound Zemurray to provide Plaintiff with investment fund implementation and administration services in connection with getting this Community Loan Program off the ground and running.   In consideration thereof, Plaintiff deposited with Zemurray the total sum of Three Million Dollars ($3,000,000.00), which represents seed money for implementation and administration of the Community Loan Program.

44. Plaintiff duly provided such funds and otherwise performed all the conditions on its part to be performed under the agreements and at the specific request and direction of the Defendants.

45. Defendants breached the MOU by failing to provide forty-five (45) day reports, as required by the MOU, accounting for the loan funds deposited with Zemurray into an escrow account with escrow agent, City National Bank in Newark, NJ.

46. Defendants breached the MOU without limitation by failing and refusing to follow through with implementation and administration of the loan program, and failing to abide by the terms and conditions of the MOU.

ILMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
en Street Professional Center
Ten Allen Street
P.O. Box 1540
ms River, New Jersey 08754

47. Defendants breached the MOU by failing to return the City funds in the amount of Three Million Dollars ($3,000,000.00) as expressly stipulated in the MOU.

48. Defendants agreed to return the City funds and confirmed this agreement on April 3, 2014, but Defendants never complied with the agreement.

49. Defendants breached the MOU by failing to submit to the Plaintiff a reduction of estimates for aggregate lending within thirty (30) calendar days from the initial six-month period of the agreement.

50. Plaintiff has made numerous demands upon Defendants for return of the public funds as described above, but Defendants have failed and refused to refund the same and persist in said failure and refusal.

51. As a direct, proximate, and consequential result of Defendants' breach of contract and failure to refund the City's funds in the amount of Three Million Dollars ($3,000,000.00), the Plaintiff has sustained damages including the sum due to be refunded under the agreement, along with interest, cost of collection and attorney fees.

**WHEREFORE,** Plaintiff, the **CITY OF ATLANTIC CITY**, demands judgment against Defendants for:

A. Compensatory Damages;

B. Interest;

C. Costs of suit;

D. Attorney's fees; and

E. Such other relief as the Court shall deem fair and equitable.

## SECOND COUNT

## BREACH OF CONTRACT: GOOD FAITH AND FAIR DEALING

52. Plaintiff, City of Atlantic City, repeats and re-alleges each and every allegation of

ILMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
on Street Professional Center
Ten Allen Street
P.O. Box 1540
ms River, New Jersey 08754

this Complaint as if set forth at length herein.

53. Zemurray and/or Drummon's persistent failure to provide timely and accurate reports accounting for the location and status of the loan funds as prescribed by the terms of the MOU constitutes a breach of the implied covenant of good faith and fair dealing.

54. It was the reasonable expectations of both parties to the MOU that Zemurray would ensure implementation of the loan program by overseeing the administration of the funds with BIDCO and by providing forty-five (45) day reports accounting for the loan funds.

55. In addition, it was the reasonable expectation of both parties that the reporting mechanism in the MOU was designed to give Plaintiff an accounting of where its money was and how much of it was being used for the purposes expressly intended under the MOU contract.

56. The Defendants' failure to provide timely reports resulted in repeated written demands by Plaintiff for return of the loan funds in light of the Defendants' breach of the MOU by failing to account for the funds.

57. Despite Defendants' reassurances that the loan funds would be returned to the Plaintiff, not a single cent has been returned and/or accounted for, which constitutes evidence that the Defendants deprived the Plaintiff of their right to use the loan funds for the purposes set forth in the MOU, and deprived eligible small businesses and residents in the public, for whom the loan fund was established, the benefits of access to capital.

58. As a result of the Defendants' bad faith, Plaintiff has sustained damages.

**WHEREFORE**, Plaintiff, **CITY OF ATLANTIC CITY**, demands judgment against Defendants for:

A.   Compensatory Damages;

ILMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
en Street Professional Center
Ten Allen Street
P.O. Box 1540
oms River, New Jersey 08754

B.  Punitive Damages;

C.  Interest;

D.  Attorney's fees; and

E.  Such other relief as the Court shall deem fair and equitable.

### THIRD COUNT

### COMMON LAW FRAUD

59. Plaintiff, City of Atlantic City, repeats and re-alleges each and every allegation of this Complaint as if set forth at length herein.

60. Zemurray and/or Drummon and/or Gary A. Lax and/or Latan and/or Taipan and/or BIDCO and/or John Doe, Mary Doe, ABC Partnerships, DEF Shareholders, Trusts, and Holding Companies, and XYZ Corporations (hereinafter "said Defendants") represented to the Plaintiff that it had the requisite experience and expertise to implement and oversee administration of a loan fund such as the Community Development Loan Program.

61. At all times material to the execution of the MOU between Zemurray and Plaintiff, Gary Lax and Wes Drummon controlled Zemurray, its negotiations, representations, and execution of the MOU with the Plaintiff.

62. Upon information and belief, at all times material to execution of the MOU, said Defendants misrepresented to Plaintiff that BIDCO would be the SBA-certified lender for the Atlantic City Community Loan Program, even though said Defendants knew that BIDCO had not agreed to perform such function under the MOU.

63. Said Defendants made the misrepresentation that BIDCO would perform that loan origination function under the MOU to induce Plaintiff to enter into the MOU because the Community Loan Program needed an SBA-certified lender to make

ILMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
en Street Professional Center
Ten Allen Street
P.O. Box 1540
ms River, New Jersey 08754

loans.

64. The terms of the MOU contract between the Plaintiff and Zemurray prescribed that Zemurray would provide quarterly reports to the Mayor's Office accounting for the loan funds and how much money was used to originate loans.

65. The Escrow Agreement entered into among Plaintiff, Zemurray, and City National Bank was made with the understanding that Zemurray would have authority to instruct the escrow agent bank as to disbursements, transfers, deposits, and/or withdrawals of the escrow funds for the purposes set forth in the MOU, namely implementation and administration of the loan funds for small business and residential mortgage financing to eligible businesses and residents of Atlantic City.

66. On or about August 2013, the loan funds in the amount of Three Million Dollars ($3,000,000.00) held in the escrow account were transferred into another account at First Bank in Tennessee pursuant to the authority and direction of Zemurray as the escrow account holder.

67. The loan funds transferred to the First Bank in Tennessee were made available to BIDCO, which was designated in the MOU contract as the entity administering and originating the loans to eligible small businesses and residents in Atlantic City.

68. Zemurray's failure to provide quarterly reports caused Plaintiff to make numerous written demands for return of the Three Million Dollars ($3,000,000.00) in total loan funds.

69. Drummon provided written email responses that the funds would be returned shortly, but ultimately no funds were returned to the Plaintiff. Drummon represented in those written assurances to return the money that the funds were liquid and available for return. The failure to return the funds demonstrated that the money was not liquid and unavailable without justification or explanation.

70. Drummon made representations that the money would be accounted for in

J.MORE & MONAHAN
.Professional Corporation
COUNSELLORS AT LAW
.n Street Professional Center
Ten Allen Street
P.O. Box 1540
ms River, New Jersey 08754

quarterly reports.

71. Drummon made representations that the money would be available for the five (5) year term of the MOU for the purpose of making loans to the eligible public.

72. Drummon made representations that the money was available and would be returned shortly in response to Plaintiff's repeated demands for return of the funds.

73. Said Defendant's failure to return the funds upon persistent written demands by Plaintiff demonstrate that he knew the Three Million Dollars ($3,000,000.00) was gone.

74. The failure of said Defendants to return the money even though the loan funds were last known to be in an account at First Bank in Tennessee under the authority and direction of Drummon and his companies, BIDCO and Zemurray, demonstrates the said Defendants' intent to deceive Plaintiff at every turn.

75. Plaintiff justifiably relied upon the representations made by the said Defendants in connection with its obligations under the MOU contract and its experience with implementing and administering loan funds of the type contemplated by the Plaintiff in the MOU.

76. Based on the said Defendants' representations in connection with its sale for services of implementing and administering loan funds, Plaintiff was induced to select Zemurray, Drummon, and BIDCO instead of another company to carry out the same obligations set forth in the MOU.

77. As a direct, proximate, and consequential result of said Defendants failure to report and account for the funds and to refund the above-described sum, Plaintiff has sustained damages including the sums due under the agreement, along with interests, cost of collection and attorney's fees.

**WHEREFORE**, Plaintiff, **CITY OF ATLANTIC CITY**, demands judgment against Defendants for:

GILMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
Main Street Professional Center
Ten Allen Street
P.O. Box 1540
Toms River, New Jersey 08754

A.   Compensatory Damages;

B.   Interest;

C.   Costs of Suit;

D.   Attorney's fees; and

E.   Such other relief as the Court shall deem fair and equitable.

## FOURTH COUNT

## CONVERSION OF FUNDS

78.   Plaintiff, City of Atlantic City, repeats and re-alleges each and every allegation of this Complaint as if set forth at length herein.

79.   The conduct of Defendants, Zemurray, Drummon, Gary A. Lax, Michael J. Lax, BIDCO, Latan Family Trust 1, and Taipan Holdings and/or John Doe, Mary Doe, ABC Partnerships, XYZ Corporations, DEF Shareholders, Trusts, and Holding Companies led to the tortuous conversion of funds that was the rightful property of Plaintiff and deprived same of the use of those funds for the benefit of the public.

80.   Upon information and belief, Zemurray, Drummon, Gary A. Lax, Latan Family Trust 1, and Taipan Holdings converted loan funds lawfully belonging to Plaintiff on or about August 23, 2013 by withdrawing said funds in the sum of Three Million Dollars ($3,000,000.00) from escrow agent, City National Bank in Newark, NJ, to BIDCO's account at First Bank in Tennessee.

81.   Upon information and belief, this wire transfer of funds to BIDCO constituted payment and/or preparation by Zemurray to purchase BIDCO with loan funds rightfully belonging to Plaintiff.

82.   Defendants' failure to account for the funds as required by the MOU and to return the funds after failing to perform under the MOU contract constitutes conversion of funds.

LMORE & MONAHAN
Professional Corporation
COUNSELLORS AT LAW
n Street Professional Center
Ten Allen Street
P.O. Box 1540
ms River, New Jersey 08754

83. As a result of Defendants' conversion of funds, Plaintiff has sustained damages.

**WHEREFORE**, Plaintiff, **CITY OF ATLANTIC CITY**, demands judgment against Defendants for:

A.   Compensatory Damages;

B.   Punitive Damages;

C.   Interest;

D.   Attorney's fees; and

E.   Such other relief as the Court shall deem fair and equitable.

## FIFTH COUNT

## CONSUMER FRAUD ACT CLAIM

84. Defendants Zemurray, Wes Drummon, and Gary A. Lax and/or Latan Family Trust 1 and/or Taipan and/or John Doe, Mary Doe, ABC Partnerships, XYZ Corporations, DEF Shareholders, Trusts, and Holding Companies (hereinafter "said Defendants") made representations to Plaintiff regarding Zemurray's professional reputation, skills, and experience, and the services that were to be provided by Zemurray in connection with the implementation and administration of the Community Development Loan Program for the benefit of the public.

85. Zemurray also misrepresented to Plaintiff that BIDCO would perform the loan origination function set forth in the MOU, even though Zemurray, Drummon, and Gary Lax knew that BIDCO had not agreed to serve such function as an SBA-certified lender.

86. Zemurray represents on its webpage, zstreetcapital.com, that it is "specialty finance investment company created to be a source of capital to small and medium sized businesses, including emerging businesses." In addition, Zemurray represents that "SBA guaranteed loans are originated by ZSC's subsidiary, TN BIDCO, an SBA

.LMORE & MONAHAN
Professional Corporation
COUNSELLORS AT LAW
n Street Professional Center
Tea Allen Street
P.O. Box 1540
ms River, New Jersey 08754

licensed 'Preferred Lender.'"

87. On or about May 31, 2013, the parties entered into a Memorandum of Understanding for Defendant Zemurray to implement and administer the Community Development Lending Program. Despite Plaintiff's repeated demands for information and verification of City funds, Defendant Zemurray failed to provide the quarterly report accounting for the City funds as agreed to under the MOU.

88. After several months of inactivity and failure to perform, Plaintiff undertook due diligence to investigate the business entity and the services that it represented would be provided to the City in connection with the Community Development Lending Program. Upon learning of Defendants, Zemurray's and Drummon's misrepresentation of services to be offered under the MOU, Plaintiff sought to invalidate the MOU contract and demanded prompt return of the City's funds to Plaintiff.

89. Plaintiff and said Defendants were at all times relevant to this Complaint persons as that term is defined in N.J.S.A. 56:8-1 (d).

90. The conduct of said Defendants constitutes a violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et. seq. Said Defendants made misrepresentations to Plaintiff in connection with the type of services Zemurray would undertake to implement and administer the Community Loan Program for the benefit of the public. As a result of said Defendants' misrepresentations, Plaintiff was induced to enter into the Memorandum of Understanding contract to the detriment of the City and the public.

91. Said Defendants' misrepresentations regarding the implementation and administration services of the loan program were made with the knowledge that the funds were to be used with the public's tax dollars and for the public's use.

LMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
an Street Professional Center
Ten Allen Street
P.O. Box 1540
ms River, New Jersey 08754

92. Plaintiff sustained an ascertainable loss of Three Million Dollars ($3,000,000.00) in connection with said Defendants' misrepresentation of the fund implementation and administration services set forth in the Memorandum of Understanding contract.

93. The said Defendants' fraudulent and deceptive conduct is unconscionable within the meaning of the New Jersey Consumer Fraud Act.

**WHEREFORE**, Plaintiff, **CITY OF ATLANTIC CITY**, demands judgment against Defendants for:

A.  Treble Damages;

B.  Punitive Damages

C.  Interest;

D.  Costs of Suit;

E.  Attorney's fees; and

F.  Such other relief as the Court shall deem fair and equitable.

## SIXTH COUNT

## PIERCING THE CORPORATE VEIL BY FRAUDULENT CONDUCT

## DEFENDANT WES DRUMMON

94. Drummon, acting in his capacity as the principal officer/member/managing partner of Zemurray Street Capital, LLC, made fraudulent representations to the Plaintiff in connection with the sale and performance of Zemurray's and BIDCO's obligations under the MOU contract to implement, administer, and oversee the loan originations from the loan funds totaling Three Million Dollars ($3,000,000.00).

95. Drummon made fraudulent representations that Zemurray would implement and oversee the administration and loan origination by BIDCO for the purposes set

1.MORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
in Street Professional Center
Ten Allen Street
P.O. Box 1540
ms River, New Jersey 08754

forth in the MOU contract.

96. Drummon, in his capacity as principal officer/shareholder/member/managing partner of Zemurray, fraudulently represented that BIDCO knew about the Atlantic City Loan Program and agreed to participate as an SBA-certified lender in the loan origination capacity set forth in the MOU between the Plaintiff and Zemurray.

97. Drummon made fraudulent representations that Zemurray would provide quarterly reports to the Mayor's Office accounting for the Three Million Dollars ($3,000,000.00) in loan funds deposited into an escrow account at City National Bank (account #700000000272) and subsequently transferred to BIDCO's account at First Bank in Tennessee.

98. Drummon made fraudulent representations that the loan funds were available and would be returned to Plaintiff in response to Plaintiff's initial demands for quarterly reports and subsequent demands for return of the funds.

99. Drummon fraudulently induced Plaintiff to select the services of both of his companies, Zemurray and BIDCO, for the purposes set forth in the MOU contract, knowingly and intentionally deceiving Plaintiff into depositing Three Million Dollars ($3,000,000.00) into an escrow fund with Zemurray having full authority to disburse, withdraw, and transfer funds.

100. As a direct, proximate, and consequential result, Plaintiff sustained economic damages and loss.

## DEFENDANT GARY A. LAX

101. Upon information and belief, Gary A. Lax owned and operated Zemurray through a holding company called Latan Family Trust 1.   Gary controlled Zemurray through Latan and gave Drummon authority to negotiate and entered into contracts on behalf of Zemurray in its dealings with Plaintiff and in connection with Zemurray's purchase of BIDCO.

LMORE & MONAHAN
i Professional Corporation
COUNSELLORS AT LAW
in Street Professional Center
Ten Allen Street
P.O. Box 1540
ms River, New Jersey 08754

102. Gary permitted Zemurray and Drummon to make fraudulent representations to Plaintiff regarding BIDCO's agreement to participate as an SBA-certified lender in connection with loan origination set forth in the MOU.

103. As a co-owner and controlling shareholder of Zemurray, Gary knew that Zemurray and Drummon were making fraudulent representations to Plaintiff that the loan funds would be returned and that quarterly reports would be provided to the Mayor's Office as set forth in the MOU.

104. After Zemurray's purchase of BIDCO on or about August 25, 2013, Gary continued to misrepresent to Plaintiff through Zemurray and Drummon that loan funds would be returned and that Zemurray was actively seeking out interested potential borrowers, even though the loan funds were used, at least in part, for Zemurray's purchase of BIDCO. (See, Zemurray's March 2014 Status Report attached hereto as Exhibit "A").

## DEFENDANT MICHAEL J. LAX

105. Upon information and belief, Michael J. Lax was installed at BIDCO to run daily operations.

106. Upon information and belief, Michael participated in fraudulent conduct against Plaintiff by knowingly controlling and managing the remaining loan funds net the purchase price of BIDCO, which is believed to be approximately $1,800,000.00, for personal benefit contrary to the purposes set forth in the MOU with Plaintiff.

107. Upon information and belief, Michael used the BIDCO corporate shield to insulate his fraudulent conduct against Plaintiff.

## DEFENDANT TN BIDCO

108. On or about August 25, 2013, Zemurray became the parent company of subsidiary, BIDCO, pursuant to a sale consummated on that date in a cash-for-stock sale.

109. Upon information and belief, Drummon and/or other controlling shareholders own

ILMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
n Street Professional Center
Ten Allen Street
P.O. Box 1540
ms River, New Jersey 08754

100 percent of the stock in BIDCO.

110. Upon Zemurray's acquisition of BIDCO, Drummon, Gary A. Lax, and Michael J. Lax disregarded BIDCO's separate corporate form by using Plaintiff's loan funds to finance the purchase of BIDCO and to use the net balance of the funds to enrich themselves instead of carrying out its obligations set forth in the MOU.

111. Zemurray's acquisition of BIDCO fraudulently misrepresented to Plaintiff that the loan funds were liquid and available for uses set forth in the MOU, even though Defendants, Drummon, Gary A. Lax, and Michael J. Lax, who now controlled and/or operated BIDCO, knew at least part of the loan funds were used to finance the purchase of BIDCO and the net balance would be used to enrich themselves instead of using the funds to originate loans for eligible small businesses and residential borrowers.

112. BIDCO's conduct in connection with the loan funds governed by the MOU and the escrow agreement was under the domination, control, and direction of Defendants, Gary A. Lax, Wes Drummon, Michael J. Lax, and Zemurray at all times material to the MOU with Plaintiff.

113. Drummon and Gary A. Lax exercised complete control with regard to transferring and withdrawing the loan funds in the amount of Three Million Dollars ($3,000,000.00) from the escrow account at City National Bank to BIDCO's bank account at First Bank in Tennessee.

114. Drummon's and Gary A. Lax's exercise of control over BIDCO through parent company, Zemurray, allowed Defendants to conceal the use of the loan funds for their fraudulent purposes.

115. As a result of the Defendants' fraudulent conduct perpetrated under the corporate veils of Zemurray and BIDCO, Plaintiff suffered economic harm and will sustain an injustice if the corporate veil is not pierced and Drummon, Gary A. Lax, and

LMORE & MONAHAN
Professional Corporation
COUNSELLORS AT LAW
n Street Professional Center
Ten Allen Street
P.O. Box 1540
ms River, New Jersey 08754

Michael J. Lax are not held personally liable for Plaintiff's loss.

**WHEREFORE**, Plaintiff, **CITY OF ATLANTIC CITY**, demands judgment against Defendants for:

F.   Compensatory Damages;

G.   Punitive Damages;

H.   Interest;

I.   Attorney's fees; and

J.   Such other relief as the Court shall deem fair and equitable.

## SEVENTH COUNT

### FRAUDULENT TRANSFER OF PLAINTIFF'S FUNDS

116. Plaintiff, CITY OF ATLANTIC CITY, repeats and re-alleges each and every allegation of this Complaint as if set forth at length herein.

117. Defendants', Drummon, Gary A. Lax, Michael J. Lax, Zemurray, and/or John Doe, Mary Doe, ABC Partnerships, XYZ Corporations, and DEF Shareholders, Trusts, and Holding Companies (hereinafter "said Defendants") transfer of the loan funds from City National Bank to BIDCO's account at First Bank in Tennessee constituted a fraudulent transfer within the meaning of N.J.S.A. 25:2-25.

118. The transfer of loan funds from the escrow account at City National to BIDCO's account at First Bank in Tennessee demonstrates a transfer of assets with the intent to defraud the Plaintiff.

119. Said Defendants knowingly transferred the loan funds from the escrow account at City National to BIDCO's account for purposes of financing the purchase of BIDCO and self-enrichment contrary to the purposes set forth in the MOU.

120. Said Defendants' failure to provide timely quarterly reports as required under the MOU concealed the whereabouts of the loan funds from Plaintiff and the said

ILMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
in Street Professional Center
Ten Allen Street
P.O. Box 1540
ms River, New Jersey 08754

22

Defendants' fraudulent purposes for the loan funds.

121. The transfer of loan funds from the escrow account at City National to BIDCO's First Bank account evidences the badges of fraud required to show fraudulent transfer under <u>N.J.S.A.</u> 25:2-25, et. seq.

122. Neither the MOU nor the Escrow Agreement with City National contemplated the transfer of loan funds from City National, the designated escrow agent, into BIDCO's separate bank account at an out of state bank.

123. The transfer of loan funds into BIDCO's bank account was not agreed to among the parties and was not necessary for BIDCO to perform its loan origination function as set forth in the MOU.

124. As a direct, proximate, and consequential result, Plaintiff sustained economic loss due to the said Defendants' fraudulent transfer of the loan funds.

**WHEREFORE**, Plaintiff, **CITY OF ATLANTIC CITY**, demands judgment against Defendants for:

K.   Compensatory Damages;

L.   Punitive Damages;

M.   Interest;

N.   Attorney's fees; and

O.   Such other relief as the Court shall deem fair and equitable.

## EIGHTH COUNT

## FRAUDULENT CONCEALMENT-- SPOLIATION OF EVIDENCE

125. Upon information and belief, Defendants, Drummon and/or Gary A. Lax and/or Michael J. Lax and/or John Doe, Mary Doe engaged in the destruction or concealment of evidence relevant to Plaintiff's claim and/or potential claim for recovery of the Three Million Dollars ($3,000,000.00) transferred from the escrow

ILMORE & MONAHAN
A Professional Corporation
COUNSELLORS AT LAW
an Street Professional Center
Ten Allen Street
P.O. Box 1540
ms River, New Jersey 08754

account at City National Bank of New Jersey to BIDCO's account in First Bank in Tennessee.

126. Upon information and belief, Defendants, Drummon and/or Gary A. Lax and/or Michael J. Lax and/or John Doe, Mary Doe engaged in the destruction or concealment of electronically stored data, including internal emails, related to the loan funds and Atlantic City Community Loan Program that is the subject of the MOU executed on or about May 22, 2013.

**WHEREFORE**, Plaintiff, **CITY OF ATLANTIC CITY**, demands judgment against Defendants for:

P.    Compensatory Damages;

Q.    Punitive Damages;

R.    Interest;

S.    Attorney's fees; and

T.    Such other relief as the Court shall deem fair and equitable.


## DEMAND FOR JURY TRIAL

Demand is hereby made for a trial by jury as to all issues.


## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Thomas E. Monahan, Esq., has been designated as trial counsel in connection with this matter.

?MORE & MONAHAN
) Professional Corporation
COUNSELLORS AT LAW
!n Street Professional Center
Ten Allen Street
P.O. Box 1540
ms River, New Jersey 08754

## CERTIFICATION

The undersigned counsel certifies that there are no other actions or arbitrations pending or presently contemplated involving the subject matter of this controversy and there are no additional known parties who should be joined to the present action at this time.  I certify the foregoing to be true.  I am aware that if the above is willfully false, I am subject to punishment.

GILMORE & MONAHAN, P.A.
Attorneys for **Plaintiff, City of Atlantic City**

By _____

THOMAS E. MONAHAN

Date:  July 15, 2015

For the Firm

LMORE & MONAHAN
\ Professional Corporation
COUNSELLORS AT LAW
ɪɴ Street Professional Center
Ten Allen Street
P.O. Box 1540
ᴍs River, New Jersey 08754