IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY, CAMDEN

| | |
|---|---|
| CITY OF ATLANTIC CITY, a Municipal Corporation of the State of New Jersey<br><br>vs.<br><br>ZEMURRAY STREET CAPITAL, LLC<br><br>and<br><br>W. WESLEY DRUMMON, et al<br><br>Defendants | Docket No. 1:14-cv-05169-RBK-AMD |

**DEFENDANTS ZEMURRAY STREET CAPITAL, LLC AND W. WESLEY DRUMMON MOTION TO DISMISS FIFTH COUNT OF PLAINTIFF'S COMPLAINT CLAIMING DAMAGES AS A RESULT OF VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT PURSUANT TO FED. R. CIV. P. 12 (B)(6)**

Felix P. Gonzalez, Esquire
N.J. Attorney ID. No. 029771991
3403 Iron Rock Court
Pennsauken, N.J. 08109
Phone: 215-901-7832
Fax: 888-511-1940
Attorney for Zemurray Street Capital, LLC
And W. Wesley Drummon

## TABLE OF CITATIONS

**Cases:**

*Arc Networks, Inc. v. Gold Phone Card Co.*, 333 N.J. Super. 587, 756 A.2d 636, 637 (2000) ……………………………………………………………………………….4

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009)……………………………………………….3

*Bell Atl. Corp. v. Twonbly,* 550 U.S. 544, 563 n. 8 (2007)………………………………..2

*Cetel v. Kirwan Financial Group, Inc.*, C.A.3 (N.J.) 2006, 460 F.3d 494, certiorari denied 127 S.Ct. 1267, 549 U.S. 1207, 167 L.Ed.2d 78 …………………………………….4

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)…………………………3

*J & R Ice Cream Corp. v. California Smoothie Licensing Corp.*, 31 F.3d 1259, 1272 (3d 1272 (3d Cir. 1994)…………………………………………………………………...4

*Marascio v. Campanella,* 298 N.J.Super. 491, 689 A.2d 852 (App.Div.1997)…………...4

*Sczubeleck v. Cendant Mortg. Corp.,* 215 F.R.D. 107, 121 (D.N.J. 2002)……………..3

**Statutes, Codes, Rules:**

N.J.S.A. 56:8-1……………………………………………………………………1, 2, 3

N.J.S.A. 56:8-2……………………………………………………………………….2, 3

Federal Rule of Civil Procedure 12(b)(6)……………………………………………….1,2

## TABLE OF EXHIBITS

Memorandum of Understanding ……………………………………………………….A

Plaintiff's First Amended Complaint ……………………………………………………B

## I. PREAMBLE

This case stems from a cause of action filed by plaintiff, The City of Atlantic City, N.J. ("City") claiming that it suffered financial loss as a result of defendants, Zeemurray Street Capital, LLC ("ZSC") and W. Wesley Drummond[1] ("Drummon") fraudulent behavior in connection with a Memorandum of Understanding between these parties involving three million dollars ($3,000,000) provided by the City. The "FIFTH COUNT" containing paragraphs 84 to 93 of plaintiff's First Amended Complaint assert that defendants violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq.,

As will be seen below plaintiff's "FIFTH COUNT" containing paragraphs 84 to 93 should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted.

Regardless of how they plead Plaintiff's claim that Defendants caused it damages because of violations of the NJCFA is not supported by the facts and the applicable law and therefore plaintiff does not have a plausible claim for relief or viable cause of action.

## II. STATEMENT OF RELEVANT FACTS

1. The MOU established a "Loan Fund" ("Fund") where the City provided ZSC the sum of three million dollars ($3,000,000) and ZSC would establish a "Small Business Lending Program" and a "Residential Lending Program". The MOU was for a term of five (5) years that began on June 13, 2013. A true copy of the MOU is attached hereto and marked Exhibit "A".

---

[1] Mr. Drummond is a "Partner" of ZSC with the authority to enter into the agreement.
[2] Emphasis supplied.
[3] A comparable case that defines what is not considered the kinds of goods or services that are not generally sold to public under the NJCFA is found in *Cetel v. Kirwan Financial Group, Inc.*, C.A.3 (N.J.) 2006, 460 F.3d 494, certiorari denied 127 S.Ct. 1267, 549 U.S. 1207, 167 L.Ed.2d 78.

2. On September 22, 2015 the City filed a "First Amended Complaint". It obtained a "Summons On Amended Complaint" on September 23, 2015 and on Thursday, September 30, 2015 the City's attorneys mailed the Complaint and Summons to Defendants' attorney of record Felix P. Gonzalez, Esquire who received it on October 3, 2015.

3. Plaintiff's First Amended Complaint "Fifth Count" and paragraphs 84 through 93 claim damages allege that defendants actions related to the establishment of the "Fund" was in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq. (NJCFA). A copy of plaintiff's First Amended Complaint is attached hereto and marked Exhibit "B".

4. The gravamen of plaintiff's complaint is that these defendants failed to comply with the terms of the MOU and their refusal to return the three million dollars ($3,000,000) has caused them financial loss.

5. The establishment of a Fund such as the one described in the MOU was/is not connected or associated with the "…sale or advertisement of any merchandise or real estate…" N.J.S.A. 56:8-2.

6. The Fund that is described in the MOU was/is not a product or service that is offered for sale/sold to the general public.

### III. LEGAL ARGUMENT

### A. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.

The standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is well known. The court must accept all allegations in the Complaint as true, view them in light most favorable to the plaintiff, and determine whether plaintiff "is entitled to offer

2

evidence to support the claims." *Bell Atl. Corp. v. Twonbly,* 550 U.S. 544, 563 n. 8 (2007). The Third Circuit has established a two-part analysis in deciding a motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, a district court "must accept all of the complaints well-pleaded facts as true, but may disregard any legal conclusions." *Id.* At 210-211, quoting *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

As demonstrated below, plaintiff cannot meet the standard for pleading a plausible cause of action for violation of the NJCFA.

### i. Plaintiff's Claim that it Suffered Financial Injury Caused by Defendants Violating the New Jersey Consumer Fraud Act Fails to State a Cause of Action for Which Relief Can Be Granted.

In order for Plaintiff to succeed with its claim for damages pursuant to the NJCFA it must establish that ZSC and Drummon committed an unlawful practice that qualify as violations of the N.J.S.A. 56:8-1, et seq., in the following ways.

1. The Defendants committed an unlawful practice that violates the NJCFA;
2. The Plaintiff suffered an ascertainable loss as a result of the unlawful conduct;
3. A causal relationship exists between the unlawful practice and the plaintiff's loss

*Sczubeleck v. Cendant Mortg. Corp.,* 215 F.R.D. 107, 121 (D.N.J. 2002)

N.J.S.A.56:8-2 controls Plaintiff's cause of action under the NJCFA because it defines the acts/behavior that are considered illegal. This section states the following:

### Fraud, etc., in connection with sale or advertisement of merchandise or real estate as unlawful practice

The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, **in connection with the sale or advertisement of any merchandise or real estate**,[2] or with the subsequent performance of such person as aforesaid, whether or not any person

---

[2] Emphasis supplied.

3

has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice; provided, however, that nothing herein contained shall apply to the owner or publisher of newspapers, magazines, publications or printed matter wherein such advertisement appears, or to the owner or operator of a radio or television station which disseminates such advertisement when the owner, publisher, or operator has no knowledge of the intent, design or purpose of the advertiser.

The case law in New Jersey has been clear that the NJCFA is a law whose purpose is to protect consumers who purchase "goods or services generally sold to the public at large". *Marascio v. Campanella*, 298 N.J.Super. 491, 689 A.2d 852 (App.Div.1997).

The law in the Third Circuit establishes that "the entire thrust of the Consumer Fraud Act is pointed to products and services sold to consumers in the popular sense." *J & R Ice Cream Corp. v. California Smoothie Licensing Corp.*, 31 F.3d 1259, 1272 (3d Cir. 1994) and *Arc Networks, Inc. v. Gold Phone Card Co.*, 333 N.J. Super. 587, 756 A.2d 636, 637 (2000). Therefore, the NJCFA "is not intended to cover every transaction that occurs in the marketplace," so "its applicability is limited to consumer transactions which are defined both by the status of the parties and the nature of the transaction itself." *Id.*

Regardless of Plaintiff's pleadings the MOU is clearly a contract/agreement between a New Jersey Municipality and a private company and the NJCFA can't be applicable as a theory of recovery against defendants since the MOU was/is not a service "generally sold to the public at large", Id., and/or "consumers in the popular sense", *Id.*

Since the MOU is not a "consumer transaction" plaintiff can't meet its burden of proof that defendants committed an unlawful practice that violates the NJCFA.[3]

WHEREFORE, for the above state reasons the "Fifth Count", paragraphs 84 through 93 of Plaintiff's Complaint, should be dismissed

Respectfully submitted,

_____
Felix P. Gonzalez, Esquire
Attorney for Zemurray Street
Capital, LLC and W. Wesley
Drummon

---

[3] A comparable case that defines what is not considered the kinds of goods or services that are not generally sold to public under the NJCFA is found in *Cetel v. Kirwan Financial Group, Inc.*, C.A.3 (N.J.) 2006, 460 F.3d 494, certiorari denied 127 S.Ct. 1267, 549 U.S. 1207, 167 L.Ed.2d 78.

5

## CERTIFICATION OF SERVICE

I, Felix P. Gonzalez, Esquire hereby certify that on the date that Defendants' Zemurray Street Capital, LLC and W. Wesley Drummon filed their Motion to Dismiss the Fifth Count of Plaintiff's Complaint Claiming Damages As A Result of Violations of the New Jersey Consumer Fraud Claim Act Pursuant to Fed. R. Civ. 12(b)(6) that a copy of said Motion, Notice of Motion and proposed order was emailed and then mailed via USPS First Class Mail to the following persons:

Thomas E. Monahan, Esquire
Christopher A. Khatami, Esquire
Gilmore & Monahan, P.A.
P.O. Box 1540
Ten Allen Street
Toms River, N.J. 08754

_____
Felix P. Gonzalez, Esquire