CHERYL L. COOPER, ESQUIRE
NJ ATTORNEY ID #023661995
342 EGG HARBOR RD.
SUITE A-1
SEWELL, NJ 08080
P(856)437.5800
F(856)437.5599
*Attorney for Defendants Tennessee Business & Industrial Development Corporation, d/b/a/ TN BIDCO, Gary A. Lax, Michael J. Lax, Latana Family Trust 1*

| | |
|---|---|
| THE CITY OF ATLANTIC CITY<br><br>      Plaintiff<br><br>v.<br><br>ZEMURRAY STREET CAPITAL, LLC, W. WESLEY DRUMMON, TENNESSEE BUSINESS & INDUSTRIAL DEVELOPMENT CORPORATION d/b/a TN BIDCO, GARY A. LAX, MICHAEL J. LAX, LATAN FAMILY TRUST 1, TAIPAN HOLDINGS, LLC, ABC PARTNERSHIPS 1-10 (fictitious defendants), JOHN DOE (1-10), MARY DOE (1-10), XYZ CORPORATION (1-10) (fictitious person and entities), DEF SHAREHOLDERS, TRUSTS, and HOLDING COMPANIES (1-10).<br><br>Defendants | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>CAMDEN VICINAGE<br><br><br>CIVIL ACTION<br>DOCKET NO 14-5169 (RBK/AMD)<br><br><br><br>BRIEF IN SUPPORT OF DEFENDANT GARY LAX'S<br>NOTICE OF MOTION FOR SANCTIONS PURSUANT TO FED.R. CIV. P. 11 |

**TABLE OF CONTENTS**

LEGAL ARGUMENT ................................................................................ 1

I. PLAINTIFFS AND ITS ATTORNEYS MUST BE SANCTIONED PURSUANT TO RULE 11 FOR CONTINUED PURSUIT OF BASELESS AND FRIVOLOUS CLAIMS AGAINST DEFENDANT MICHAEL LAX ......................... 1

    A. The Legal Standard ................................................................. 1

    B. The Factual Contentions in the Amended Complaint are Without Merit and Contrary to the Documents in Plaintiff's Possession... 3

        1. Count One – Breach of Contract ....................................... 3

        2. Count Two – Breach of Good Faith and Fair Dealing ....... 5

        3. Common Fraud ............................................................... 5

        4. Conversion ...................................................................... 6

        5. Consumer Fraud .............................................................. 8

        6. Piercing the Corporate Veil ............................................... 8

        7. Fraudulent Transfer of Funds ........................................... 9

        8. Fraudulent Concealment .................................................. 9

II. CONCLUSION ................................................................................ 10

# TABLE OF CITATIONS

## **Cases**

*Cohen v. Kurtzman*, 45 F. Supp. 2d 423, 437 (D.N.J. 1999) .............................. 2

*Gaiardo v Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987) ................................. 2

*Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995) ........................................ 2

*Napier v. Thirty or More Unidentified Federal Agents*,
855 F.2d 1080, 1091 (3d Cir. 1988) ............................................................ 2

*Stewart v. RCA Corp.*, 790 F.2d 624, 633 (7th Cir. 1986)................................. 2

## **Rules**

*Fed. R. Civ. P. 11*................................................................................ 1, 2, 6, 10

## LEGAL ARGUMENT

### I. PLAINTIFFS AND ITS ATTORNEYS MUST BE SANCTIONED PURSUANT TO RULE 11 FOR CONTINUED PURSUIT OF BASELESS AND FRIVOLOUS CLAIMS AGAINST DEFENDANT GARY LAX

**A. The Legal Standard.**

Rule 11 of the Federal Rules of Civil Procedure provides in pertinent part:

(b) Representations to Court – By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

   (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

   (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

   (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

   (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) Sanctions - 1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee. *Fed. R. Civ. P. 11*

1

The Third Circuit has held Rule 11 can properly be used to sanction attorneys and their clients for frivolous pleadings that are legally unreasonable or that lack factual foundation, regardless of the subjective bad faith of one party. See *Napier v. Thirty or More Unidentified Federal Agents, 855 F.2d 1080, 1091 (3d Cir. 1988)* (affirming imposition of monetary sanctions against plaintiff and his attorney). Rule 11 requires attorneys and their clients to "stop, think, investigate, and research" before filing papers with the court.

Courts base decisions on whether to impose sanctions under Rule 11 on "an objective standard of reasonableness under the circumstances." *Martin v. Brown, 63 F.3d 1252, 1264 (3d Cir. 1995)* (internal quotation marks and citations omitted). Likewise, Rule 11 requires attorneys and their clients to "stop, think, investigate, and research" before filing papers with the court. *Gaiardo v Ethyl Corp., 835 F.2d 479, 482 (3d Cir. 1987)*. "Rule 11 requires lawyers to think first and file later, on pain of personal liability". *Stewart v. RCA Corp., 790 F.2d 624, 633 (7th Cir.1986)*. Discovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the action. *Cohen v. Kurtzman, 45 F. Supp. 2d 423, 437 (D.N.J. 1999)* (quoting Advisory Committee Notes to the 1993 amendments to Rule 11). Thus, sanctions should be imposed where a plaintiff and his attorney make an inaccurate factual assertion without first conducting the necessary background research. *Id.*

Applying this standard to the facts of the present case, it is obvious that there was not, and could not have been any investigation and/or research into the allegations pled against Gary Lax, and the counsel, Plaintiff and the firm should be sanctioned for the reckless pleading that has taken place in this matter.

**B. The Factual Contentions in the Amended Complaint are Without Merit and Contrary to the Documents in Plaintiff's Possession.**

After an extensive review of the documents Plaintiff produced, and those produced to Mr. Gonzalez, there is not a single document which implicates Mr. Gary Lax in any aspect of the transaction between Atlantic City and Zemurray Street Capital (hereinafter "ZSC"). Nor are there any documents or set of circumstances by which there is any potential for liability by Gary Lax to Atlantic City. In fact, the documents show exactly the opposite.

The Amended Complaint filed of September 22, 2015 fails to allege <u>any</u> facts against Gary Lax which state a claim for <u>any</u> of the Counts contained in that Amended Complaint. This flaw alone requires that Gary Lax be dismissed as a Defendant in this action. However, the frivolity extends beyond a substandard pleading. The documents cited in Plaintiff's Amended Complaint, and produced in conjunction with this litigation conclusively prove that any claim against Gary Lax by this Plaintiff is frivolous and vexatious.

**1.   Count One – Breach of Contract**

Count One of the Amended Complaint alleges a breach of contract. There is not a single document produced from any source in this litigation that shows that Gary Lax had *any* contract with the City of Atlantic City. Further, Plaintiff's own Amended

Complaint states that Defendant Drummon executed the MOU referenced in the Amended Complaint. According to Plaintiff, the Escrow Agreement with City National permitted ZSC to transfer the funds in the City National Escrow Account. The documents produced in this matter seem to confirm that fact. Gary Lax was not a member of ZSC and did not execute any document on behalf of ZSC. As a result, there can be no duty owed by Gary Lax to Plaintiff.

Plaintiff's own documents conclusively prove that Defendant Gary Lax did not become Chairman of the Board of the BIDCO until sometime **after June 3, 2014.** The alleged improper transfer took place in **August 2013**, almost a year before Gary Lax was even approved to become Chairman of the Board of BIDCO. There is no plausible set of facts that Plaintiff could possibly allege that would create liability by Gary Lax for breach of contract.

Further, even the *slightest* due diligence, and/or investigation into the structure of Defendant ZSC would reveal, and in fact does reveal that (1) Defendant Gary Lax was not, and never has been a member of ZSC; (2) Defendant Gary Lax was not, and never has been an employee of ZSC; (3) Defendant Gary Lax was not, and never has been authorized to act on behalf of ZSC as a signatory with respect to any aspect of the transaction between Plaintiff and ZSC; (4) at no time during the alleged transactions pled in the Amended Complaint did Gary Lax act on behalf of ZSC. Clearly, there was no duty owed by Gary Lax to Plaintiff under Breach of Contract when he was not a party to any contract, and was never an employee, officer, or agent of any entity who had a duty to Plaintiff as it relates to the claims in Plaintiff's Amended Complaint. This claim is completely frivolous and must be dismissed.

### 2. Count Two – Breach of Good Faith and Fair Dealing.

Count Two of the Amended Complaint alleged Breach of Good Faith and Fair Dealing. The paragraphs under this count of the Amended Complaint again refers to the MOU between Plaintiff and ZSC. The allegations under this Count allege that there was a breach by ZSC of the same MOU discussed in Count One. For all of the reasons outlined in the arguments pertaining to Count One, this claim alleging a breach by Defendant Gary Lax is completely frivolous and must be dismissed.

### 3. Common Law Fraud

Count Three alleges Common Law Fraud by the "Defendants". This claim is completely frivolous, and fails to state a claim in general, and in particular as it pertains to Gary Lax. Pleading fraud against Gary Lax in this count of the Amended Complaint when there is not a single shred of evidence to support this bald accusation is frivolous and boarders on reckless. Defendant Gary Lax demands that this count be immediately dismissed.

It is particularly vexatious to name a Defendant such as Gary Lax without any plausible basis when alleging fraud. As the Court is aware, the pleading standard when alleging fraud is more heightened, and the burden of proof elevated from the typical "preponderance" standard. Certainly, there is not a shred of evidence produced and no set of facts pled that can, under any standard, substantiate a claim of fraud against Gary Lax.

As indicated above, Gary Lax had no privity with Plaintiff for anything. No document regarding the MOU and/or Escrow Agreement, and/or bank records bear Gary Lax's signature. Gary Lax did not transfer funds, and the documents Plaintiff has, and had prior to filing this Amended Complaint conclusively prove that Gary Lax was not in any position of director, Board, Manager, and/or Member of any entity

affiliated with this transaction. Gary Lax did not transfer any monies from any account relating to the allegations in this Amended Complaint, and did not receive any of the monies that were allegedly improperly disbursed. There is no basis whatsoever to allege fraud against him.

Further, the allegations that are contained in this Count of the Amended Complaint do not state a claim pursuant to the pleading standard. This is exactly the type of claim that Rule 11, and the cases interpreting this Rule seek to stop. Plaintiff recklessly made general allegations, and did not specify any acts attributable to Gary Lax. This Count of the Amended Complaint are completely frivolous, and under Fed. R. Civ. P. 11, must be dismissed.

### 4. Conversion

This Count alleges Conversion, a very serious claim. Conversion is a claim of "theft" in a civil setting. This claim is completely frivolous against Gary Lax for all of the reasons set forth above. This Count of the Amended Complaint makes bald statements in against Gary Lax, with no conduct pled that would even be close to stating a claim for conversion.

In paragraph 80, of the Amended Complaint, Plaintiff's allegations of conversion specify that "upon information and belief" the Defendants (*excluding Michael Lax*) "converted the loan funds by transferring the funds from City National Bank to BIDCO on or about **August 23, 2013**".[1] Gary Lax did not transfer funds from City National to BIDCO. Gary Lax had no ability, and/or legal authority to transfer funds from City National to BIDCO. Gary Lax did not receive any of the funds allegedly transferred from City National to BIDCO. The very documents in Plaintiff's possession and

---

[1] The language of paragraph 80 does not contain "excluding Michael Lax". It specifically names each of the Defendants with the exception of Michael Lax.

produced by Plaintiff confirm these facts. For all of these reasons, and those set forth in the letter to counsel, as well as those set forth previously in this brief, this claim by Plaintiff is completely frivolous.

Further, the documents in Plaintiff's possession appear to confirm that the assertions by Gary Lax are true. The "Escrow Agreement" in this matter was between City National and Zemurray. (See Plaintiff's Amended Complaint ¶¶ 39-41). Based upon Plaintiff's own allegations, the Escrow Agreement permitted *Zemurray* to instruct City National with respect to the disbursement of funds. (See Plaintiff's Amended Complaint ¶41). As previously established, Gary Lax was not and never has been a member of ZSC. Gary Lax was not a member, manager or authorized representative of ZSC. Gary Lax did not sign a single document produced in this matter relating to the transaction between Plaintiff and ZSC.

Similarly, there is not a single document produced which shows that Gary Lax had any authority, and/or ownership interest in BIDCO when the alleged improper transfer of funds took place. In fact, according to the Plaintiff's own allegations, and confirmed by the documents produced in discovery, the alleged improper transfer to BIDCO took place almost one year *prior* to Gary Lax being approved to be appointed as Chairman of the Board of BIDCO.

Gary Lax did not receive any monies from the alleged improper transfer. Plaintiff has documents which were produced in discovery and were in Plaintiff's possession *prior* to making these frivolous claims, which conclusively prove the individuals who were paid with the alleged improper funds. Gary Lax's name does not appear anywhere in those documents. This count of the Complaint as it pertains to Gary Lax is completely frivolous and must be dismissed.

### 5. Consumer Fraud

This count of Plaintiff's Amended Complaint is frivolous on multiple levels, including but not limited to those contained in the brief filed by Drummon and ZSC indicating that the transaction between Atlantic City and ZSC is not covered by the Consumer Fraud Act (hereinafter "CFA"). Beyond those arguments, the claim that Gary Lax is guilty of consumer fraud is completely frivolous.

As previously stated, Gary Lax did not meet and/or make any representations to Plaintiff. Gary Lax did not sign any documents which would have created any duty to Plaintiff. There are no facts pled in this entire count of the Amended Complaint that attribute any conduct to Gary Lax. There is not any reasonable inference that could possibly attribute any liability to Gary Lax under this count. The claim is without merit, fails to state a claim, and is not based on any facts known or even pled in this Amended Complaint and must be dismissed.

### 6. Piercing the Corporate Veil

This count of Plaintiff's Amended Complaint fails on its face and must be dismissed. Naming Defendant Lax in this count of the Amended Complaint without have undertaken even a minimal investigation is not simply negligent. This behavior is vexatious and reckless. Plaintiff's behavior in bringing and maintaining this action against Gary Lax warrants sanctions.

The simplest investigation into the allegations in this count of the amended complaint would have revealed exactly what has previously been stated, Gary Lax was not, and never has been the principal of ZSC, which is the only entity in privity of contract with the Plaintiff. Accordingly, there is no corporate veil to pierce, and no theory of liability against Gary Lax individually. Further, Gary Lax had no ownership interest, and no position of authority with the BIDCO when the alleged transfers took

place. The documents in Plaintiff's possession prior to naming Gary Lax confirm that he was not involved in any position with the BIDCO until after June 3, 2014. Defendant Gary Lax demands this count of the Amended Complaint be dismissed against him immediately.

### 7. Fraudulent Transfer of Funds

The allegations under this count of the Amended Complaint alleges that Defendants, including Gary Lax, fraudulently transferred funds from City National Bank to BIDCO. This allegation controverts the prior allegations in the Plaintiff's own Amended Complaint, and for all of the reasons expressed previously in this brief cannot possibly pertain to Gary Lax.

Again, this is an example of reckless behavior on the part of the Plaintiff in making allegations against Gary Lax, without a scintilla of evidence indicating that he acted on behalf of ZSC, or that he in fact did act on behalf of ZSC in a way that had anything at all do with this transaction is completely vexatious.

All of the documents that Plaintiff produced in this matter indicate that the manager of ZSC, who was the authorized actor for ZSC actually signed the documents in this case, and was the signatory on the MOU, Escrow Agreement and on the cards with the bank where the escrow funds were deposited by Atlantic City was Wes Drummon. There is no basis whatsoever to have Gary Lax named as a Defendant in this matter, and this claim in the Amended Complaint is completely frivolous and must be dismissed.

### 8. Fraudulent Concealment – Spoliation of Evidence

In this Count of the Amended Complaint, without a single allegation indicating any behavior by any of the named Defendants. Plaintiff makes a conclusory statement that "upon information and belief" defendant engaged in concealment and/or

destruction of evidence. This statement is made without a single shred of evidence and/or reference to a single act by any of the Defendants, including Gary Lax. This is precisely the behavior *Iqbal* prohibits, and Rule 11 is meant to punish. There is not a single piece of evidence which reveals any evidence that Gary Lax did *anything* constituting spoliation of evidence of fraudulent concealment. This count of the Complaint must be dismissed.

## II.  CONCLUSION

For the foregoing reasons, the Court should enter an order pursuant to Fed. R. Civ. P. 11 for monetary sanctions against Atlantic City, Christopher Khatami, Esquire, Thomas Monahan, Esquire, and Gilmore and Monahan, P.A. for the costs, counsel fees, expenses, for having to travel to and prepare for the depositions, as well as prepare and serve the required documents under Rule 11.

Respectfully submitted,

*/s/ Cheryl L. Cooper, Esquire*
Counsel for Gary Lax