CHERYL L. COOPER, ESQUIRE
NJ ATTORNEY ID #023661995
342 EGG HARBOR RD.
SUITE A-1
SEWELL, NJ  08080
P(856)437.5800
F(856)437.5599
*Attorney for Defendants Tennessee Business & Industrial Development Corporation,*
*d/b/a/ TN BIDCO, Gary A. Lax,*
*Michael J. Lax, Latana Family Trust 1*

| | |
|---|---|
| THE CITY OF ATLANTIC CITY<br><br>                              Plaintiff<br><br><br>                    v.<br><br>ZEMURRAY STREET CAPITAL, LLC, W. WESLEY DRUMMON, TENNESSEE BUSINESS & INDUSTRIAL DEVELOPMENT CORPORATION d/b/a TN BIDCO, GARY A. LAX, MICHAEL J. LAX, LATANA FAMILY TRUST 1, TAIPAN HOLDINGS, LLC, ABC PARTNERSHIPS 1-10 (fictitious defendants), JOHN DOE (1-10), MARY DOE (1-10), XYZ CORPORATION (1-10) (fictitious person and entities), DEF SHAREHOLDERS, TRUSTS, and HOLDING COMPANIES (1-10).<br><br>                              Defendants | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY CAMDEN VICINAGE<br><br><br>CIVIL ACTION<br>DOCKET NO  14-5169 (RBK/AMD)<br><br><br><br>**DEFENDANTS BUSINESS & INDISTRIAL DEVELOPMENT CORPORATION d/b/a TN BIDCO, GARY A. LAX, MICHAEL J. LAX, LATANA FAMILY TRUST 1 ANSWER, JURY DEMAND AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT, COUNTERCLAIM, AND CROSSCLAIM** |

Defendants Business & Industrial Development Corporation d/b/a TN Bidco,

Gary A. Lax, Michael J. Lax, Latana Family Trust 1, by way of Answer to Plaintiff's

Second Amended Complaint say:

## **NATURE OF THE ACTION**

1.     The allegations in this paragraph of the Second Amended Complaint

have no documents provided and/or attached.  These Answering Defendants have no

knowledge and/or information contained in this paragraph of the Plaintiff's Second

Amended Complaint.  These Answering Defendants are not parties to any MOU

between Atlantic City and/or Zemurray Street Capital, LLC (hereinafter "Zemurray")

Plaintiff is left to its strict proofs at the time of trial.

2.      The allegations in this paragraph of the Second Amended Complaint have no documents provided and/or attached.  These Answering Defendants have no knowledge and/or information contained in this paragraph of the Plaintiff's Second Amended Complaint.  These Answering Defendants are not parties to any MOU between Atlantic City and/or Zemurray.  Plaintiff is left to its strict proofs at the time of trial.

3.      The allegations in this paragraph of Plaintiff's Second Amended Complaint do not pertain to these Answering Defendants.  To the extent that these allegations can be construed to apply to these Answering Defendants, these Answering Defendants do not have sufficient knowledge and/or information to either admit or deny the contents of this paragraph.  Plaintiff is left to its strict proofs at the time of trial.

4.      Admitted only that there is an executed Escrow Agreement between Amalgamated Bank (hereinafter "Amalgamated"), Zemurray and Atlantic City.  The remaining allegations in this paragraph are Denied as document speaks for itself.  To the extent any further allegations in this paragraph require a response from these Answering Defendants, those allegations are specifically Denied.  Plaintiff is left to its strict proofs at the time of trial.

5.      Admitted only that there is an executed Escrow Agreement between City National Bank (hereinafter "CNB"), Zemurray and Atlantic City.  The remaining allegations in this paragraph are Denied as document speaks for itself.  To the extent any further allegations in this paragraph require a response from these Answering Defendants, those allegations are specifically Denied.  Plaintiff is left to its strict proofs at the time of trial.

6.     The allegations in this paragraph of Plaintiff's Second Amended Complaint do not pertain to these Answering Defendants.  To the extent that these allegations can be construed to apply to these Answering Defendants, these Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations contained in this paragraph of the Plaintiff's Amended Complaint.  Plaintiff is left to its strict proofs at the time of trial.

7.     The allegations in this paragraph of Plaintiff's Second Amended Complaint do not pertain to these Answering Defendants.  To the extent that these allegations can be construed to apply to these Answering Defendants, these Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations contained in this paragraph of the Plaintiff's Amended Complaint.  To the extent any further allegations in this paragraph require a response from these Answering Defendants, those allegations are specifically Denied.  Plaintiff is left to its strict proofs at the time of trial.

8.     The allegations in this paragraph of Plaintiff's Second Amended Complaint do not pertain to these Answering Defendants.  To the extent that these allegations can be construed to apply to these Answering Defendants, these Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations contained in this paragraph of the Plaintiff's Amended Complaint.  To the extent any further allegations in this paragraph require a response from these Answering Defendants, those allegations are specifically Denied.   By way of further Answer to these allegations, these Answering Defendants deny that Zemurray had any duty to return any funds as stated, and assert that Plaintiff breached the terms and conditions of the MOU.  Plaintiff is left to its strict proofs at the time of trial.

9.     The allegations in this paragraph of Plaintiff's Second Amended Complaint do not pertain to these Answering Defendants.  To the extent that these allegations can be construed to apply to these Answering Defendants, these Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations contained in this paragraph of the Plaintiff's Amended Complaint.  To the extent any further allegations in this paragraph require a response from these Answering Defendants, those allegations are specifically Denied.   By way of further Answer to these allegations, these Answering Defendants deny that Zemurray had any duty to return any funds as stated, and assert that Plaintiff breached the terms and conditions of the MOU.  Plaintiff is left to its strict proofs at the time of trial.

## JURISDICTION AND VENUE

10.     Denied that there is any merit to the allegations in the Amended Complaint.  Admitted only that in the event the Court determines a valid cause of action, that jurisdiction is proper before this Court.

## CITIZENSHIP OF THE PARTIES

11.     The allegations in this paragraph of Plaintiff's Second Amended Complaint do not pertain to these Answering Defendants.  To the extent that these allegations can be construed to apply to these Answering Defendants, Admitted that Zemurray is a Delaware Limited Liability Company.

12.     The allegations in this paragraph of Plaintiff's Second Amended Complaint do not pertain to these Answering Defendants.  To the extent that these allegations can be construed to apply to these Answering Defendants, these Answering Defendants are without sufficient knowledge and/or information to either admit or deny the allegations contained in this paragraph of the Amended Complaint.  Plaintiff is left to its strict proofs at the time of trial.

4

13.     Admitted.

14.     Admitted.

15.     Admitted.

16.     Denied.

17.     The allegations in this paragraph of Plaintiff's Second Amended Complaint do not pertain to these Answering Defendants.  To the extent that these allegations can be construed to apply to these Answering Defendants, these Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations contained in this paragraph of the Plaintiff's Amended Complaint.  Plaintiff is left to its strict proofs at the time of trial.

**THE PARTIES**

18.     The allegations in this paragraph of Plaintiff's Second Amended Complaint do not pertain to these Answering Defendants.  To the extent that these allegations can be construed to apply to these Answering Defendants, Admitted. These Answering Defendants are without sufficient knowledge and/or information to either admit or deny the allegations contained in this paragraph of the Amended Complaint.  Plaintiff is left to its strict proofs at the time of trial.

19.     The allegations in this paragraph of Plaintiff's Second Amended Complaint do not pertain to these Answering Defendants.  To the extent that these allegations can be construed to apply to these Answering Defendants, these Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations contained in this paragraph of the Plaintiff's Amended Complaint.  Plaintiff is left to its strict proofs at the time of trial.

20.     The allegations in this paragraph of Plaintiff's Second Amended Complaint do not pertain to these Answering Defendants.  To the extent that these

allegations can be construed to apply to these Answering Defendants, these Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations contained in this paragraph of the Plaintiff's Amended Complaint.  Plaintiff is left to its strict proofs at the time of trial.

21.    The allegations in this paragraph of the Second Amended Complaint only pertain to Defendant Gary A. Lax.  Defendant Gary A. Lax specifically denies the allegations in this paragraph of Plaintiff's Second Amended Complaint as stated.  Only the allegation with respect to Defendant Gary Lax address is Admitted.  Defendant Gary A. Lax specifically Denies the remaining allegations contained in this paragraph of the Plaintiff's Second Amended Complaint.  Plaintiff is left to its strict proofs at the time of trial.

22.    The allegations in this paragraph of the Second Amended Complaint only pertain to Defendant Gary A. Lax.  Defendant Gary A. Lax specifically denies the allegations in this paragraph of Plaintiff's Second Amended Complaint as stated.  Admitted only that Defendant Gary A. Lax is a member of the Lantana Family Trust 1, and that Lantana Family Trust #1 is a member of Zemurray.  Denied that Defendant Gary Lax controlled Zemurray at any point relevant to the allegations contained in the Second Amended Complaint.  Denied that Defendant Gary Lax is a shareholder of Zemurray.  Plaintiff is left to its strict proof at the time of trial.

The allegations in this paragraph of Plaintiff's Second Amended Complaint do not pertain to the remaining Answering Defendants.  To the extent that these allegations can be construed to apply to these Answering Defendants, these Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations contained in this paragraph of the Plaintiff's Amended Complaint.  Plaintiff is left to its strict proof at the time of trial.

23.     The allegations in this paragraph of the Second Amended Complaint only pertain to Defendant TN Bidco.  Defendant TN Bidco Admits the allegations in this paragraph of Plaintiff's Second Amended Complaint.  The allegations in this paragraph of Plaintiff's Second Amended Complaint do not pertain to the remaining Answering Defendants.  To the extent that these allegations can be construed to apply to these Answering Defendants, these Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations contained in this paragraph of the Plaintiff's Amended Complaint.  Plaintiff is left to its strict proof at the time of trial.

24.     The allegations in this paragraph of the Second Amended Complaint only pertain to Defendant TN Bidco.  Defendant TN Bidco Admits the allegations in this paragraph of Plaintiff's Second Amended Complaint.  The allegations in this paragraph of Plaintiff's Second Amended Complaint do not pertain to the remaining Answering Defendants.  To the extent that these allegations can be construed to apply to these Answering Defendants, these Answering Defendants are without sufficient knowledge and/or information to admit or deny the allegations contained in this paragraph of the Plaintiff's Amended Complaint.  Plaintiff is left to its strict proof at the time of trial.

25.     Denied.

26.     The allegations in this paragraph of Plaintiff's Second Amended Complaint do not pertain to these Answering Defendants.  To the extent that these allegations can be construed to apply to these Answering Defendants, these Answering Defendants deny the allegations contained in this paragraph of the Plaintiff's Amended Complaint.  Plaintiff is left to its strict proof at the time of trial.

27.     The allegations in this paragraph of the Second Amended Complaint only pertain to Defendant Gary A. Lax.  Defendant Gary A. Lax specifically denies the allegations in this paragraph of Plaintiff's Second Amended Complaint as stated.

Defendant Gary A. Lax denies he was ever an employee, principal, partner, member, officer, director, consultant, independent contractor for Zemurray.  Defendant Gary A. Lax denies he was ever an employee, principal, partner, member, officer, director, consultant, independent contractor for BIDCO until June 2014.  Plaintiff is left to its strict proof at the time of trial.

28.     The allegations in this paragraph of the Second Amended Complaint only pertain to Defendant Michael J. Lax.  Defendant Michael J. Lax specifically denies the allegations in this paragraph of Plaintiff's Second Amended Complaint.

29.     The contents of this paragraph do not pertain to these Answering Defendants and do require an Answer from these Answering Defendants.  To the extent the allegations contained in this paragraph can be construed to refer to these Answering Defendants, the allegations are Denied.  Plaintiff is left to strict proofs at the time of trial.

30.     The contents of this paragraph do not pertain to these Answering Defendants and do require an Answer from these Answering Defendants.  To the extent the allegations contained in this paragraph can be construed to refer to these Answering Defendants, the allegations are Denied.  Plaintiff is left to strict proofs at the time of trial.

31.     The contents of this paragraph do not pertain to these Answering Defendants and do require an Answer from these Answering Defendants.  To the extent the allegations contained in this paragraph can be construed to refer to these Answering Defendants, the allegations are Denied.  Plaintiff is left to strict proofs at the time of trial.

32.     The contents of this paragraph do not pertain to these Answering Defendants and do require an Answer from these Answering Defendants.  To the

extent the allegations contained in this paragraph can be construed to refer to these Answering Defendants, the allegations are Denied.  Plaintiff is left to strict proofs at the time of trial.

33.     The contents of this paragraph do not pertain to these Answering Defendants and do require an Answer from these Answering Defendants.  To the extent the allegations contained in this paragraph can be construed to refer to these Answering Defendants, the allegations are Denied.  Plaintiff is left to strict proofs at the time of trial.

**THE MEMORANDUM OF UNDERSTANDING**

34.     The contents of this paragraph do not pertain to these Answering Defendants and do require an Answer from these Answering Defendants.  To the extent the allegations contained in this paragraph can be construed to refer to these Answering Defendants, these Answering Defendants are without sufficient knowledge and/or information to either admit or deny the contents of this paragraph.  The language of the Resolution speaks for itself.  Plaintiff is left to its strict proofs at the time of trial.

35.     These Answering Defendants are without sufficient knowledge and/or information to either admit or deny the contents of this paragraph.  The language of the Resolution speaks for itself.  Plaintiff is left to its strict proofs at the time of trial.

36.     Denied as pled.  The language of the Memorandum of Understanding (hereinafter "MOU") speaks for itself.  Admitted only that Defendant Drummon executed the MOU.  Plaintiff is left to its strict proofs at the time of trial.

37.     Denied as pled.  The language of the MOU speaks for itself.  Plaintiff is left to its strict proofs at the time of trial.

38.     Denied as pled.  The language of the MOU speaks for itself.  Plaintiff is left to its strict proofs at the time of trial.

39.     Admitted only that the MOU specifies that the Plaintiff will establish the loan fund by "creating an escrow account with Amalgamated Bank or another FDIC insured financial institution that is agreed upon by the City and ZSC."  The remaining allegations pled by Plaintiff's are denied.  Plaintiff is left to its strict proofs at the time of trial.

40.     Denied as pled.  The language of the MOU speaks for itself.  Plaintiff is left to its strict proof at the time of trial.

41.     Admitted only that the MOU contains language which addresses Zemurray reporting requirements during the term of the Loan Fund.  Denied that these Answering Defendants had any obligations under the MOU.  Denied that the MOU imposes or creates and duty on behalf of these Answering Defendants.  Plaintiff is left to its strict proofs at the time of trial.

42.     Denied as pled.  The language of the MOU speaks for itself.  Plaintiff is left to its strict proof at the time of trial.

43.     Denied as pled.  The language of the MOU speaks for itself.  Plaintiff is left to its strict proof at the time of trial.

**THE ESCROW AGREEMENT**

44.     Admitted only that Zemurray and Amalgamated executed an Escrow Agreement.  The language of the Escrow Agreement speaks for itself.  Plaintiff is left to its strict proof at the time of trial.

45.     Denied as pled.  Plaintiff is left to its strict proofs at the time of trial.

46.     Admitted only that Zemurray and City National Bank executed an Escrow Agreement.  The language of the Escrow Agreement speaks for itself.  Plaintiff is left to its strict proof at the time of trial.

47.     The contents of this paragraph do not pertain to these Answering Defendants and do require an Answer from these Answering Defendants.  To the extent the allegations contained in this paragraph can be construed to refer to these Answering Defendants, Denied as pled.  The language of the Escrow Agreement speaks for itself.  Plaintiff is left to its strict proofs at the time of trial.

48.     The contents of this paragraph do not pertain to these Answering Defendants and do require an Answer from these Answering Defendants.  To the extent the allegations contained in this paragraph can be construed to refer to these Answering Defendants, Denied as pled.  The language of the Escrow Agreement speaks for itself.  Plaintiff is left to its strict proofs at the time of trial.

**CAUSES OF ACTION**
**FIRST COUNT**
**BREACH OF CONTRACT**

49.     The contents of this paragraph do not pertain to these Answering Defendants and do require an Answer from these Answering Defendants.  To the extent the allegations contained in this paragraph can be construed to refer to these Answering Defendants, Admitted only that Plaintiff and Defendant Zemurray entered into the aforesaid MOU.  Denied that these Answering Defendants were a party to the MOU.  These Answering Defendants deny the remaining allegations contained in this paragraph of the Second Amended Complaint.  Plaintiff is left to its strict proofs at the time of trial.

50.     The contents of this paragraph do not pertain to these Answering Defendants and do require an Answer from these Answering Defendants.  To the

extent the allegations contained in this paragraph can be construed to refer to these Answering Defendants, Denied as pled.  Denied that these Answering Defendants were a party to the MOU.  The language of the MOU speaks for itself.  Plaintiff is left to its strict proofs at the time of trial.

51.    The contents of this paragraph do not pertain to these Answering Defendants and do require an Answer from these Answering Defendants.  To the extent the allegations contained in this paragraph can be construed to refer to these Answering Defendants, Denied as pled.  Plaintiff is left to its strict proofs at the time of trial.

52.    The contents of this paragraph do not pertain to these Answering Defendants and do require an Answer from these Answering Defendants.  To the extent the allegations contained in this paragraph can be construed to refer to these Answering Defendants, Denied as pled.  Plaintiff is left to its strict proofs at the time of trial.

53.    The contents of this paragraph do not pertain to these Answering Defendants and do require an Answer from these Answering Defendants.  To the extent the allegations contained in this paragraph can be construed to refer to these Answering Defendants, Denied that these Answering Defendants had any duty to Plaintiff.  Denied that these Answering Defendants were a party to any contract with Plaintiff.  Plaintiff is left to its strict proofs at the time of trial.

54.    The contents of this paragraph do not pertain to these Answering Defendants and do require an Answer from these Answering Defendants.  To the extent the allegations contained in this paragraph can be construed to refer to these Answering Defendants, Denied that these Answering Defendants had any duty to

Plaintiff.  Denied that these Answering Defendants were a party to any contract with Plaintiff.  Plaintiff is left to its strict proofs at the time of trial.

55.     The contents of this paragraph do not pertain to these Answering Defendants and do require an Answer from these Answering Defendants.  To the extent the allegations contained in this paragraph can be construed to refer to these Answering Defendants, Denied.  Plaintiff is left to its strict proofs at the time of trial.

56.     The contents of this paragraph do not pertain to these Answering Defendants and do require an Answer from these Answering Defendants.  To the extent the allegations contained in this paragraph can be construed to refer to these Answering Defendants, Denied that these Answering Defendants had any duty to Plaintiff.  Denied that these Answering Defendants were a party to any contract with Plaintiff.  Plaintiff is left to its strict proofs at the time of trial.

57.     The contents of this paragraph do not pertain to these Answering Defendants and do require an Answer from these Answering Defendants.  To the extent the allegations contained in this paragraph can be construed to refer to these Answering Defendants, Denied that these Answering Defendants had any duty to Plaintiff.  Denied that these Answering Defendants were a party to any contract with Plaintiff.  Plaintiff is left to its strict proofs at the time of trial.

58.     Denied.

**WHEREFORE,** Defendants Gary A. Lax, Michael J. Lax, Lantana Family Trust #1, TN BIDCO demand judgment dismissing Plaintiff's Second Amended Complaint together with attorneys fees, costs, prejudgment and post-judgment interest, and for other such relief that is equitable and just.

## SECOND COUNT
## BREACH OF CONTRACT: GOOD FAITH FAIR DEALING

59.    These Answering Defendants repeat and re-allege the contents of all preceding paragraphs as if set forth at length herein.

60.    The allegations in this paragraph of Plaintiff's complaint do not pertain to these Answering Defendants.  Therefore, no response is necessary.  To the extent that the allegations in this paragraph of Plaintiff's Amended Complaint can be construed against these Answering Defendants, the allegations are denied.  Denied that these Answering Defendants were a party to any contract with Plaintiff.  Plaintiff is left to its strict proof at the time of trial.

61.    The allegations in this paragraph of Plaintiff's complaint do not pertain to these Answering Defendants.  Therefore, no response is necessary.  To the extent that the allegations in this paragraph of Plaintiff's Amended Complaint can be construed against these Answering Defendants, the allegations are denied.  Denied that these Answering Defendants were a party to any contract with Plaintiff.  Plaintiff is left to its strict proof at the time of trial.

62.    The allegations in this paragraph of Plaintiff's complaint do not pertain to these Answering Defendants.  Therefore, no response is necessary.  To the extent that the allegations in this paragraph of Plaintiff's Amended Complaint can be construed against these Answering Defendants, the allegations are denied.  Denied that these Answering Defendants were a party to any contract with Plaintiff.  Plaintiff is left to its strict proof at the time of trial.

63.    The allegations in this paragraph of Plaintiff's complaint do not pertain to these Answering Defendants.  Therefore, no response is necessary.  To the extent that the allegations in this paragraph of Plaintiff's Amended Complaint can be construed

against these Answering Defendants, the allegations are denied.  Denied that these Answering Defendants were a party to any contract with Plaintiff.  Plaintiff is left to its strict proof at the time of trial.

64.    The allegations in this paragraph of Plaintiff's complaint do not pertain to these Answering Defendants.  Therefore, no response is necessary.  To the extent that the allegations in this paragraph of Plaintiff's Amended Complaint can be construed against these Answering Defendants, the allegations are denied.  Denied that these Answering Defendants were a party to any contract with Plaintiff.  Plaintiff is left to its strict proof at the time of trial.

65.    The allegations in this paragraph of Plaintiff's complaint do not pertain to these Answering Defendants.  Therefore, no response is necessary.  To the extent that the allegations in this paragraph of Plaintiff's Amended Complaint can be construed against these Answering Defendants, the allegations are denied.  Denied that these Answering Defendants were a party to any contract with Plaintiff.  Plaintiff is left to its strict proof at the time of trial.

**WHEREFORE,** Defendants Gary A. Lax, Michael Lax, Lantana Family Trust 1, Bidco demand judgment dismissing Plainitff's complaint together with attorneys fees, costs, prejudgment and post-judgment interest, and for other such relief that is equitable and just.

### THIRD COUNT
### COMMON LAW FRAUD

66.    These Answering Defendants repeat and re-allege the contents of all preceding paragraphs as if set forth at length herein.

67.    Denied that Defendant Gary A. Lax and/or Lantana Family Trust #1, and/or BIDCO made any representations to Plaintiff that any of these Answering

Defendants on any issue relating to the implementation and/or oversight, and/or administration of a loan fund as referred to in this Second Amended Complaint.  . Plaintiff is left to its strict proofs at the time of trial.

68.    Denied.  Plaintiff is left to its strict proofs at the time of trial.

69.    Denied.  Denied that Defendant Gary A. Lax made any representations to Plaintiff.  To the extent the allegations contained in this paragraph of Plaintiff's Second Amended Complaint can be construed to contain allegations against the other Answering Defendants, the allegations are Denied.  Plaintiff is left to its strict proofs at the time of trial.

70.    Denied.  Denied that Defendant Gary A. Lax made any representations to Plaintiff.  To the extent the allegations contained in this paragraph of Plaintiff's Second Amended Complaint can be construed to contain allegations against the other Answering Defendants, the allegations are Denied.  Plaintiff is left to its strict proofs at the time of trial.

71.    Admitted only that the MOU between Zemurray and Plaintiff contains certain reporting provisions.  The terms of the MOU speak for itself.  Denied that the allegations in this paragraph of the Amended Complaint pertain to these Answering Defendants.  Plaintiff is left to its strict proof at the time of trial.

72.    The allegations in this paragraph of Plaintiff's Second Amended Complaint do not pertain to these Answering Defendants.  Therefore, no response is necessary.  To the extent that the allegations in this paragraph of Plaintiff's Amended Complaint can be construed against these Answering Defendants, the allegations are denied.  Denied that these Answering Defendants were a party to any contract with Plaintiff.  Plaintiff is left to its strict proof at the time of trial.

16

73.    The allegations in this paragraph of Plaintiff's Second Amended
Complaint do not pertain to these Answering Defendants.  Therefore, no response is
necessary.  To the extent that the allegations in this paragraph of Plaintiff's Amended
Complaint can be construed against these Answering Defendants, the allegations are
denied.  Plaintiff is left to its strict proofs at the time of trial.

74.    Denied as pled.  Plaintiff is left to its strict proofs at the time of trial.

75.    The allegations in this paragraph of Plaintiff's Second Amended
Complaint do not pertain to these Answering Defendants.  Therefore, no response is
necessary.  To the extent that the allegations in this paragraph of Plaintiff's Second
Amended Complaint can be construed against these Answering Defendants, the
allegations are denied.  Plaintiff is left to its strict proofs at the time of trial.

76.    The allegations in this paragraph of Plaintiff's Second Amended
Complaint do not pertain to these Answering Defendants.  Therefore, no response is
necessary.  To the extent that the allegations in this paragraph of Plaintiff's Second
Amended Complaint can be construed against these Answering Defendants, the
allegations are denied.  Plaintiff is left to its strict proofs at the time of trial.

77.    The allegations in this paragraph of Plaintiff's Second Amended
Complaint do not pertain to these Answering Defendants.  Therefore, no response is
necessary.  To the extent that the allegations in this paragraph of Plaintiff's Second
Amended Complaint can be construed against these Answering Defendants, the
allegations are denied.  Plaintiff is left to its strict proofs at the time of trial.

78.    The allegations in this paragraph of Plaintiff's Second Amended
Complaint do not pertain to these Answering Defendants.  Therefore, no response is
necessary.  To the extent that the allegations in this paragraph of Plaintiff's Second

Amended Complaint can be construed against these Answering Defendants, the allegations are denied.  Plaintiff is left to its strict proofs at the time of trial.

79.    The allegations in this paragraph of Plaintiff's Second Amended Complaint do not pertain to these Answering Defendants.  Therefore, no response is necessary.  To the extent that the allegations in this paragraph of Plaintiff's Second Amended Complaint can be construed against these Answering Defendants, the allegations are denied.  Plaintiff is left to its strict proofs at the time of trial.

80.    The allegations in this paragraph of Plaintiff's Second Amended Complaint do not pertain to these Answering Defendants.  Therefore, no response is necessary.  To the extent that the allegations in this paragraph of Plaintiff's Second Amended Complaint can be construed against these Answering Defendants, the allegations are denied.  Plaintiff is left to its strict proofs at the time of trial.

81.    Denied.

82.    The allegations in this paragraph of Plaintiff's Second Amended Complaint do not pertain to these Answering Defendants.  Therefore, no response is necessary.  To the extent that the allegations in this paragraph of Plaintiff's Second Amended Complaint can be construed against these Answering Defendants, the allegations are denied.  Plaintiff is left to its strict proofs at the time of trial.

83.    The allegations in this paragraph of Plaintiff's Second Amended Complaint do not pertain to these Answering Defendants.  Therefore, no response is necessary.  To the extent that the allegations in this paragraph of Plaintiff's Second Amended Complaint can be construed against these Answering Defendants, the allegations are denied.  Plaintiff is left to its strict proofs at the time of trial.

84.    Denied.

**WHEREFORE,** Defendants Gary A. Lax, Michael Lax, Lantana Family Trust 1, Bidco demand judgment dismissing Plaintiff's Second Amended Complaint together with attorneys fees, costs, prejudgment and post-judgment interest, and for other such relief that is equitable and just.

### FOURTH COUNT
### CONVERSION OF FUNDS

85.    Defendants repeat and re-allege the contents of all preceding paragraphs as if set forth at length herein.

86.    Denied.  Plaintiff is left to its strict proofs at the time of trial.

87.    Denied.  Plaintiff is left to its strict proofs at the time of trial.

88.    Denied.  Plaintiff is left to its strict proofs at the time of trial.

89.    The allegations in this paragraph of Plaintiff's complaint do not pertain to these Answering Defendants.  Therefore, no response is necessary.  To the extent that the allegations in this paragraph of Plaintiff's Amended Complaint can be construed against these Answering Defendants, the allegations are denied.  Plaintiff is left to its strict proofs at the time of trial.

90.    Denied.

**WHEREFORE,** Defendants Gary A. Lax, Michael Lax, Lantana Family Trust 1, Bidco demand judgment dismissing Plainitff's complaint together with attorneys fees, costs, prejudgment and post-judgment interest, and for other such relief that is equitable and just.

### SIXTH COUNT
### PIERCING CORPORATE VEIL – DRUMMON

91 -96.  The allegations in this paragraph of Plaintiff's Second Amended Complaint do not pertain to these Answering Defendants.  Therefore, no response is necessary.  To the extent that the allegations in this paragraph of Plaintiff's

Amended Complaint can be construed against these Answering Defendants, the allegations are denied.  Plaintiff is left to its strict proofs at the time of trial

97.  Denied.

### DEFENDANT GARY A. LAX

98.  Denied.  Plaintiff is left to its strict proofs at the time of trial.

99.  Denied.  Plaintiff is left to its strict proofs at the time of trial.

100.  Denied.  Plaintiff is left to its strict proofs at the time of trial.

101.  Denied.  Exhibit "A" not attached to Plaintiff's Second Amended Complaint Plaintiff is left to its strict proofs at the time of trial.

### DEFENDANT MICHAEL J. LAX

102.  Denied.  Plaintiff is left to its strict proofs at the time of trial.

103.  Denied.  Plaintiff is left to its strict proofs at the time of trial.

104.  Denied.  Plaintiff is left to its strict proofs at the time of trial.

### DEFENDANT TN BIDCO

105.  Denied as pled.  Plaintiff is left to its strict proofs at the time of trial.

106.  Denied as pled.  Plaintiff is left to its strict proofs at the time of trial.

107.  Denied.  Plaintiff is left to its strict proofs at the time of trial.

108.  Denied.  Plaintiff is left to its strict proofs at the time of trial.

109.  Denied.  Plaintiff is left to its strict proofs at the time of trial.

110.  Denied.  Plaintiff is left to its strict proofs at the time of trial.

111.  Denied.  Plaintiff is left to its strict proofs at the time of trial.

112.  Denied.  Plaintiff is left to its strict proofs at the time of trial.

**WHEREFORE,** Defendants Gary A. Lax, Michael Lax, Lantana Family Trust 1, Bidco demand judgment dismissing Plaintiff's complaint together with attorneys fees,

costs, prejudgment and post-judgment interest, and for other such relief that is equitable and just.

## SEVENTH COUNT
## FRAUDULENT TRANSFER

113.   These Answering Defendants repeat and re-allege the contents of all preceding paragraphs as if set forth at length herein.

114.   Denied.  Plaintiff is left to its strict proofs at the time of trial.

115.   Denied.  Plaintiff is left to its strict proofs at the time of trial.

116.   Denied.  Plaintiff is left to its strict proofs at the time of trial.

117.   The allegations in this paragraph of Plaintiff's Second Amended Complaint do not pertain to these Answering Defendants.  Therefore, no response is necessary.  To the extent that the allegations in this paragraph of Plaintiff's Amended Complaint can be construed against these Answering Defendants, the allegations are denied.  Plaintiff is left to its strict proofs at the time of trial.

118.   The allegations in this paragraph of Plaintiff's complaint do not pertain to these Answering Defendants.  Therefore, no response is necessary.  To the extent that the allegations in this paragraph of Plaintiff's Amended Complaint can be construed against these Answering Defendants, the allegations are denied.  Plaintiff is left to its strict proofs at the time of trial.

119.   The allegations in this paragraph of Plaintiff's Second Amended Complaint do not pertain to these Answering Defendants.  Therefore, no response is necessary.  To the extent that the allegations in this paragraph of Plaintiff's Amended Complaint can be construed against these Answering Defendants, the allegations are denied.  Plaintiff is left to its strict proofs at the time of trial.

120.   The allegations in this paragraph of Plaintiff's complaint do not pertain to these Answering Defendants.  Therefore, no response is necessary.  To the extent that the allegations in this paragraph of Plaintiff's Amended Complaint can be construed against these Answering Defendants, the allegations are denied.  The MOU and Escrow Agreement terms are contained in those respective documents.  The documents speak for themselves.  Plaintiff is left to its strict proofs at the time of trial.

121.   Denied.

**WHEREFORE,** Defendants Gary A. Lax, Michael Lax, Lantana Family Trust 1, Bidco demand judgment dismissing Plaintiff's Second Amended Complaint together with attorneys fees, costs, prejudgment and post-judgment interest, and for other such relief that is equitable and just.

## EIGHTH COUNT
## FRAUDULENT CONCEALMENT

122.   Denied.  Plaintiff is left to its strict proofs at the time of trial.

123.   Denied.  Plaintiff is left to its strict proofs at the time of trial.

**WHEREFORE,** Defendants Gary A. Lax, Michael Lax, Lantana Family Trust 1, Bidco demand judgment dismissing Plaintiff's Second Amended Complaint together with attorneys fees, costs, prejudgment and post-judgment interest, and for other such relief that is equitable and just.

Dated:  August 2, 2016                    By: *Cheryl L. Cooper*
                                          Counsel for BIDCO, Gary Lax,
                                          Michael Lax, Latana Family Trust 1

## AFFIRMATIVE DEFENSES

## FIRST AFFIRRMATIVE DEFENSE

Plaintiff's Amended Complaint Fails to State a Claim upon which relief can be granted.  These Answering Defendants reserve the right to move for dismissal.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of ripeness.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Statute of Limitations.

### FOURTH AFFIRMATIVE DEFENSE

These Answering Defendants owed no duty to Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by contributory negligence.  Plaintiff's negligence is greater than any negligence of these Answering Defendants.

### SIXTH AFFIRMATIVE DEFENSE

These Answering Defendants have discharged each and every obligation owed to the Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

These Answering Defendants did not breach any duty to Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

These Answering Defendants were not a party to the MOU.

### TWELVTH AFFIRMATIVE DEFENSE

These Answering Defendants were not a party to any escrow agreement involving Plaintiff or described in Plaintiff's Amended Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

These Answering Defendants were not officers, agents or employees of ZeMurray, and cannot be liable in their official or individual capacities.

### FOURTEENTH AFFITMATIVE DEFENSE

These Answering Defendants cannot be liable in tort for a breach of contract claim to which they were not a party.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any damages allegedly suffered by the Plaintiff were caused by its own conduct or the conduct of its agents/servants and/or employees.

## SIXTEENTH AFFIRMATIVE DEFENSE

The fraud counts Pled against these Answering Defendants fail as a matter of law.

## RESERVATION OF DEFENSES AND OBJECTIONS

The Answering Defendants reserve the right to amend and/or plead additional Defenses as discovery may reveal.

**WHEREFORE,** Defendants Gary A. Lax, Michael Lax, Lantana Family Trust 1, Bidco demand judgment dismissing Plaintiff's complaint together with attorneys fees, costs, prejudgment and post-judgment interest, and for other such relief that is equitable and just.


Dated:  August 2, 2016                          By: *Cheryl L. Cooper*
                                                Counsel for BIDCO, Gary Lax,
                                                Michael Lax, Latana Family Trust 1


## COUNTERCLAIM

Defendants Gary A. Lax, Michael J. Lax, Lantana Family Trust 1, TN Bidco, by way of this Counterclaim against Plaintiff Atlantic City hereby says:

## COUNT ONE
## BREACH OF CONTRACT

1.      The Answering Defendants/Plaintiff's on the Counterclaim incorporate the contents of all preceding paragraphs of this Answer as if set forth at length herein.

2.      Plaintiff in this matter is a municipality in the State of New Jersey.

3.      Plaintiff, by and through its agents/servants/employees and /or officials entered into a Memorandum of Understanding (hereinafter "MOU") between City of Atlantic City and Zemurray Street Capital, LLC (hereinafter "ZMC").  (See copy of MOU attached hereto as Exhibit "1").

4.      Pursuant to the terms of the aforesaid MOU, Atlantic City was to fund a loan fund with ZMC for a program for a period of 5 years from the date of the MOU.

5.      The MOU specifically stated "At the end of the term of this MOU, ZSC will ensure that the City's monies used to establish the Loan Fund are returned to the City within thirty (30) calendar days."

6.      Pursuant to the executed MOU, Defendant/Counterclaimant BIDCO was a preferred Small Business Association ("SBA") lender and would be utilized by ZMC to effectuate the business loans under this program.

7.      Defendant/Counterclaimant BIDCO relied upon the representations contained in the executed MOU, and took affirmative steps, and expended monies in anticipation of receiving the loan funds and lending the funds to qualified individuals.

8.      Defendant/Counterclaimant BIDCO was not a party to the MOU, but was a "third-party beneficiary" of the MOU between Atlantic City and ZMC.

9.      Prior to the expiration of the 5 year term contained in the MOU, the City of Atlantic City breached the MOU and demanded the loan funds be returned.

10.     As a direct and proximate result of the breach by the City, BIDCO suffered damages.

**WHEREFORE**, Defendant/Counterclaimant BIDCO demands judgment against the City of Atlantic City for damages, costs of suit, pre and post judgment interest, interest, fees, and other such relief as the Court may deem equitable and just.

Dated:  August 2, 2016                          By: *Cheryl L. Cooper*
                                                Counsel for BIDCO, Gary Lax,
                                                Michael Lax, Latana Family Trust 1

## CROSSCLAIM FOR CONTRIBUTION

Gary A. Lax, Michael J. Lax, Lantana Family Trust 1, BIDCO TN, hereby

demands contribution from co-defendants Wesley Drummon, Zemurray Street Capital,

LLC and any/all other co-defendants that are pled or may be added pursuant to the

New Jersey Joint Tort-Feasor Act.

## DEMAND FOR JURY TRIAL

These Answering Defendants demand a trial by jury as to all issues contained in

Plaintiff's Second Amended Complaint as well as those contained in the Answering

Defendant's Counterclaim and Crossclaim.

Dated:  August 2, 2016                          By: *Cheryl L. Cooper*
                                                Counsel for BIDCO, Gary Lax,
                                                Michael Lax, Latana Family Trust 1

## DESIGNATION OF TRIAL COUNSEL

Cheryl L. Cooper, Esquire is hereby designated as trial counsel in the above

matter.

## CERTIFICATION PURSUANT TO L. Civ. R. 11.2

I hereby certify that, to the best of my knowledge, the matter in controversy is

not the subject matter of any other pending lawsuit or other proceding.

Dated:  August 2, 2016                          By: *Cheryl L. Cooper*
                                                Counsel for BIDCO, Gary Lax,
                                                Michael Lax, Latana Family Trust 1