# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| CITY OF ATLANTIC CITY, | |
| Plaintiff, | Civil. No 14-5169 (RBK/AMD) |
| v. | **OPINION** |
| ZEMURRAY STREET CAPITAL, LLC, et al., | |
| Defendants. | |

**KUGLER**, United States District Judge:

The City of Atlantic City ("Plaintiff") brings claims for breach of contract, fraud, conversion, veil piercing, fraudulent transfer, and fraudulent concealment against Defendants Zemurray Street Capital, LLC ("ZMC"), W. Wesley Drummon ("Drummon"), Tennessee Business & Industrial Development Corporation ("TN BIDCO"), Gary A. Lax, Lantana Family Trust I, Taipan Holdings, LLC, and a number of John Doe Defendants and ABC Corporations. This matter comes before the Court upon Defendants ZMC and Drummon's Motion for Summary Judgment (Doc. No. 109). For the following reasons, Defendants' motion is **DENIED**.

## I. FACTUAL BACKGROUND[1]

From the outset, the Court notes that Defendants' brief and attempt at a Statement of Material Facts are almost completely devoid of citations to affidavits, depositions, etc. in support of the motion. In fact, the only document (other than the Second Amended Complaint) cited in support of Defendants' motion for summary judgment is the Memorandum of Understanding executed between Plaintiff and ZMC on May 31, 2013. *See* Defendants' Summary Judgment Brief ("Defs.' Br.") (Doc. No. 109-1). The Memorandum of Understanding (signed on behalf of ZMC by Defendant Drummon) lays out Plaintiff's desire to establish a "Loan Fund" that ZMC would use to give specified loans. Defs.' Br., Ex. A. This case arises from Defendants' alleged failure to abide by the terms of this Memorandum of Understanding.

The Court observes that Plaintiff originally filed a state court action in Atlantic County Superior Court on July 15, 2014, which Defendants removed to this Court on August 19, 2014. Notice of Removal (Doc. No. 1). Plaintiff filed an Amended Complaint on September 22, 2015 (Doc. No. 48) and a Second Amended Complaint on June 24, 2016 (Doc. No. 93). Defendants filed the instant motion on October 31, 2016.

## II. STANDARD

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict

---

[1]. The Court notes that Defendants' counsel has opted to disregard Local Rule 56.1 and submitted an unlabeled statement of material facts within the body of their Motion for Summary Judgment. The Court also observes that Plaintiff's responsive Statement of Material Facts is numbered, but the numbered paragraphs do not appear to respond to any specific paragraph in Defendants' statement.

for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Id.* at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in her favor. *Id.* at 255.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The nonmoving party must at least present probative evidence from which jury might return a verdict in his favor. *Id.* at 257. Furthermore, the nonmoving may not simply allege facts, but instead must "identify those facts of record which would contradict the facts identified by the movant." *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2002). The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. DISCUSSION

As the Court has noted above, Defendants' motion for summary judgment is deficient. The motion does not include a proper statement of material facts, as required by Local Civil Rule 56.1(a), which provides:

> On motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs *citing to the affidavits and other documents submitted in support of the motion.* A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed. . . . Each statement of material facts shall be a separate document (not part of a brief) and shall not contain legal argument or conclusions of law.

L. Civ. R. 56.1(a) (emphasis added). The only factual document submitted in support of Defendants' motion is a copy of the parties' 2013 Memorandum of Understanding, which is, by itself, insufficient for the Court to adequately make any determination about the facts of this case and whether there is a material dispute regarding any of those facts. As such, Defendants' "undisputed statement of material facts" cannot be viewed as a Rule 56.1 statement.

This Court has explained that the failure to file an undisputed statement of material facts is not to be taken lightly:

> A movant's statement of facts and a nonmovant's related response serve a vital purpose, in that they assist the Court in identifying whether material facts are truly in dispute. *See Am. Plaza, LLC v. Marbo Cross Shop, LLC*, No. 08–5963, 2010 WL 455349, at *2 (D.N.J. Feb. 3, 2010). Local Civil Rule 56.1(a) thus puts the onus on the parties, rather than the Court, to find evidence of record supporting their respective arguments. *See Baker v. Hartford Life Ins. Co.*, No. 08–6382, 2010 WL 2179150, at *2 n.1 (D.N.J. May 28, 2010) ("It is not the Court's responsibility to comb the record on behalf of Plaintiff's counsel."), *aff'd*, 440 Fed. Appx. 66 (3d Cir. 2011); *N.J. Auto. Ins. Plan v. Sciarra*, 103 F. Supp. 2d 388, 408 (D.N.J. 1998) ("[I]t is the responsibility of each party to support its own contentions with a proper basis in the record of the case."). "Given the vital purpose that such rules serve, litigants ignore them at their peril." *McCann* [*v. Unum Provident*,] 921 F. Supp. 2d 353, 358 (D.N.J. 2013) (quoting *Cabán Hernández v. Philip Morris USA, Inc.*, 486 F.3d 1, 7 (1st Cir. 2007)).

*Collick v. Weeks Marine, Inc.*, No. 08-5120, 2013 WL 6070035, at *2 (D.N.J. Nov. 18, 2013). Accordingly, the Court can dismiss Defendants' motion solely for their failure to include a statement of undisputed material facts along with their moving brief. *See Serfess v. Equifax Credit Info. Servs., LLC*, No. 13-0406, 2015 WL 5123735, at *2 (D.N.J. Sept. 1, 2015) (denying motion for failure to include a statement of undisputed material facts). The Court notes that the Third Circuit has sanctioned the practice of excusing a party's strict compliance with the Local Rules where the court is willing to draw out the facts from the party's briefing and evidentiary submissions instead. *See Boswell v. Eoon*, 452 F. App'x 107, 111-12 (3d Cir. 2011) (affirming relaxation of rule where nonmoving party failed to file responsive statement). Unlike instances

when this Court has excused strict compliance with the Local Rules, Defendants' brief is devoid of citations to the record other than the Memorandum of Understanding. As stated above, "[i]t is not the Court's responsibility to comb the record on behalf of" the parties. *Baker*, 2010 WL 2179150, at *2 n.1. Since neither Defendants nor Plaintiff provide meaningful factual statements with citations to the record in the moving papers, the Court declines to comb the record on their behalf. Accordingly, Defendants' motion for summary judgment will be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is **DENIED**.

Dated: 04/25/2017                      s/ Robert B. Kugler
                                                                               ROBERT B. KUGLER
                                                                         United States District Judge