```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY


    THE CITY OF ATLANTIC CITY        No. 1:14-cv-05169-NLH-AMD

              Plaintiff,

         v.
                                      OPINION
    ZEMURRAY STREET CAPITAL, LLC,
    et al.,

              Defendants.
```

**APPEARANCES**:


GILBERT L. BROOKS
DUANE MORRIS LLP
1940 ROUTE 70 EAST
SUITE 200
CHERRY HILL, NJ 08003

   *On behalf of Cumberland River Capital, LLC*


CHERYL L. COOPER
LAW OFFICES OF CHERYL L. COOPER
342 EGG HARBOR RD.
SUITE A-1
SEWELL, NJ 08080

   *On behalf of Lantana Family Trust 1, Tennessee Business &
   Industrial Development Corporation, Gary A. Lax, Michael J.
   Lax, and Zemurray Street Capital, LLC*


FELIX P. GONZALEZ
3403 IRON ROCK COURT
PENNSAUKEN, NJ 08109

   *On behalf of W. Wesley Drummon and Zemurray Street Capital,
   LLC*

```
GREGORY ALAN LOMAX
LAULETTA BIRNBAUM LLC
591 MANTUA BOULEVARD
SUITE 200
SEWELL, NJ 08080

     On behalf of Zemurray Street Capital, LLC and Gary A. Lax


JESSICA ALI MAIER
MCMANIMON, SCOTLAND & BAUMANN, LLC
75 LIVINGSTON AVENUE, SUITE 201
ROSELAND, NJ 07068

     On behalf of the City of Atlantic City


JARED JAMES MONACO
ROTHSTEIN, MANDELL, STROHM, HALM & CIPRIANI
150 AIRPORT ROAD, STE 600
P.O. BOX 3017
LAKEWOOD, NJ 08701

     On behalf of the City of Atlantic City


THOMAS E. MONAHAN
DASTI, MURPHY, MCGUCKIN, ULAKY, KOUTSOURIS & CONNORS
620 WEST LACEY ROAD
PO BOX 1057
FORKED RIVER, NJ 08731

     On behalf of the City of Atlantic City


ROBERT S. ROGLIERI
TRENK ISABEL, P.C.
290 W. MT. PLEASANT AVE.
SUITE 2350
LIVINGSTON, NJ 07039

     On behalf of the City of Atlantic City
```

RICHARD D. TRENK
TRENK ISABEL, P.C.
290 W MT. PLEASANT AVE.
SUITE 2350
LIVINGSTON, NJ 07039

*On behalf of the City of Atlantic City*

**HILLMAN**, **District Judge**

Presently before the Court is the motion of Intervenor, Cumberland River Capital, LLC ("Cumberland")(ECF 350) for an order setting aside portions of the February 23, 2021 order of Magistrate Judge Donio (the February 2021 Order")(ECF 349) regarding whether Plaintiff, the City of Atlantic City ("Atlantic City") preserved its right to argue that Defendant, Zemurray Street Capital, LLC ("Zemurray") engaged in a fraudulent transfer with Cumberland and whether District Judge Kugler had made a final determination regarding the nature of the transfer.  Because the February 2021 Order denied Cumberland's motion on timeliness grounds and because Cumberland has not briefed that issue, the motion is denied.

## BACKGROUND

The instant appeal stems from Judge Donio's February 2021 Order denying Cumberland's motion for reconsideration of the Court's September 18, 2020 order (the "September 2020 Order")(ECF 332), which granted Atlantic City's request to conduct post-judgment discovery of Zemurray and denied

Zemurray's request for a protective order. The September 2020 Order's grant of post-judgment discovery allowed Atlantic City discovery into a sale of stock from Zemurray to Cumberland. (Id. at 14). In its capacity as Intervenor, Cumberland filed a motion for reconsideration of the September 2020 Order which Defendant joined. (ECF 339, 340). On February 23, 2021, Judge Donio issued an opinion denying the motion for reconsideration. (ECF 349). That opinion is the subject of the current appeal.

As a threshold matter, in the February 2021 Order, Judge Donio denied the motion for reconsideration on the grounds that it was untimely: the motion for reconsideration was filed on November 17, 2020, almost two months after the September 2020 order, and well beyond the 14-day time limit to file a motion for reconsideration under our Local Civil Rule 7.1(i). (See ECF 349 at 12 ("[T]he motion for reconsideration is thus denied on timeliness grounds."))

In dicta, the Court then went on to address why Cumberland's substantive arguments for relief also failed under the standards for a motion for consideration. Cumberland had argued that Atlantic City had conceded that it would not argue that the transaction between Zemurray and Cumberland was fraudulent (Id. at 18 n.9), and that Judge Kugler previously made a finding that the transfer was not fraudulent (Id. at 17 n.8), which Judge Donio overlooked in granting post-judgment

4

discovery in the September 2020 Order.  (See generally id.)

First, Judge Donio noted that Cumberland never raised the argument that the District Court had entered an order barring post-judgment discovery prior to the entry of the September 2020 Order.  (Id. at 16).  Judge Donio noted that a motion for reconsideration was not a vehicle to "litigate an issue that could have been, but was not, raised prior to entry of the September 2020 Order." (Id.)  Second Judge Donio noted that Cumberland had not shown "manifest injustice" warranting reconsideration of the September 2020 Order. (Id. at 16-17).  Though not necessary to the Court's holding, Judge Donio noted that Judge Kugler never made a final determination as to whether the transaction between Zemurray and Cumberland constituted a fraudulent transfer and that Atlantic City only consented to the transfer as long as the proceeds were held in escrow. (Id. at 17, n.7-8).  Accordingly, the Court noted that even if it had to decide Cumberland's motion for consideration on substantive grounds, it would have denied the motion for consideration. (See id. at 18).

In its instant appeal before this Court, Cumberland points to two purported errors in the February 2021 Order, stating that Judge Donio should have found: (1) that Atlantic City never argued before Judge Kugler that the transaction constituted a fraudulent transfer and (2) that Judge Kugler issued a final

5

order on whether the transaction constituted a fraudulent transfer. (ECF 350-1 at 15, 18). Cumberland asks this Court to reverse those findings in the February 2021 order and hold that Atlantic City is judicially and collaterally estopped from arguing that the transaction constitutes a fraudulent transfer. (Id. at 31-32).

## DISCUSSION

### I.  Subject Matter Jurisdiction

This Court has jurisdiction over the claims in this matter under 28 U.S.C. § 1332.

### II. Standard for District Court Review of an Order by a Magistrate Judge

A District Court may reconsider an order of a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "Under the 'clearly erroneous' standard,... in the absence of clearly defined parameters, a Magistrate has wide discretion to make interstitial rulings of law in the interests of justice and fairness, provided that the Magistrate's opinion is based on clearly articulated principles." Schroeder v. Boeing Com. Airplane Co., a div. of Boeing Corp., 123 F.R.D. 166, 169 (D.N.J. 1988). Before finding that a magistrate judge's decision was "clearly erroneous" the District Court reviewing the decision must be "'left with the definite and firm

6

conviction that a mistake has been committed.'" Lawson v. Praxair, Inc., 2021 WL 1207494, at *2 (D.N.J. Mar. 30, 2021)(quoting Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J. 1990)).  Similarly, the District Court may only hold that the magistrate judge's opinion was "contrary to law" when "it misinterpreted or misapplied applicable law." Id. at *2.

### III. Analysis

At the outset, this Court notes that Judge Donio disposed of the motion for consideration based on timeliness, holding that since Cumberland's motion for consideration was filed months after the September 2020 decision, the motion for consideration was "denied on timeliness grounds." (ECF 349 at 12).  Cumberland failed to brief the issue of timeliness in this instant appeal (See generally ECF 350).  Therefore, the Court is not required to consider whether Cumberland's motion for reconsideration was timely filed.  See Waldor v. Saul, 2020 WL 2557340, at *2 (W.D. Pa. May 20, 2020) (noting that a court is not required to address an argument where "a party negligently fails to address an issue in the opening brief."); see also Carver v. Plyer, 115 F. App'x 532, 535–36 (3d Cir. 2004) (declining to opine on an issue where the issue was not briefed).

However, even if Cumberland had raised the issue of whether

7

its motion for reconsideration was timely filed, this Court would uphold Judge Donio's decision.  Under this Court's Local Civil Rule 7.1, "a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." L. CIV. R. 7.1(i).  Cumberland filed its motion for reconsideration on November 17, 2020, two months after the September 2020 order was issued. (See ECF No. 339).  Under this rule, Judge Donio was well within her purview when she denied the motion on timeliness grounds. Gentle Laser Sols., Inc. v. Sona Int'l Corp. 2008 WL 4307478, at *2 (D.N.J. Sept. 16, 2008) ("A district court may deny a motion for reconsideration simply because it was filed beyond the [14] days provided by Rule 7.1(i).")  Therefore, this Court cannot say that Judge Donio's holding was clearly erroneous or contrary to law.

The arguments briefed by Cumberland in the instant appeal largely turn on two factual issues: whether Atlantic City preserved an argument that the transaction constituted a fraudulent transfer and whether Judge Kugler entered a final order holding that the transaction was not a fraudulent transfer.  (See generally ECF 350-1).  As explained above, the Court is not required to wade into these issues.  However, since the Judge Donio offered in dicta the reasons why Cumberland's substantive arguments failed, this Court will briefly do the

same.

First, the record clearly shows that Atlantic City raised the issue of whether the transaction constituted a fraudulent transfer at an April 18, 2019 hearing before Judge Kugler. (See, e.g., ECF 313 (Transcript of Proceedings, Apr. 18, 2019, p. 12:2-12.) (stating that it wanted to check whether "reasonably equivalent value was given" in the transaction between Cumberland and Zemurray)). Second, the record evinces no instance of a final order by Judge Kugler holding that the transaction was not a fraudulent transfer. To the contrary, Judge Kugler explicitly acknowledged that Atlantic City could pursue a fraudulent transfer theory. (Id. at p. 14:6-9.) ("And if you want to proceed, you know, if you think there's been a fraudulent transfer, well, you know, knock yourself out."))[1]

---

[1] Because Judge Donio's factual findings are not clearly erroneous, Cumberland's arguments on judicial and collateral estoppel are also unavailing. Judicial estoppel requires as a preliminary matter that "the party to be estopped must have taken two positions that are irreconcilably inconsistent[.]" See Clark v. Strober-Haddonfield Grp. Inc., 2008 WL 2945972, at *2 (D.N.J. July 29, 2008)(describing the elements of judicial estoppel). Because Atlantic City raised the issue of fraudulent transfer at the April 18, 20119 hearing it cannot be said that it took two "irreconcilable" positions. Similarly, for the doctrine of collateral estoppel to be in play, Judge Kugler would have had to have issued "a final judgment on the merits" regarding whether the transaction was a fraudulent transfer. Wallace v. Keystone Printed Specialties Co., 2016 WL 5403088, at *3 (D.N.J. Sept. 27, 2016) (describing the elements of collateral estoppel). Judge Kugler did not do so, and it is unnecessary to further analyze the elements of collateral estoppel.

Therefore, even if this Court had to reach Judge Donio's factual findings, it would not hold that they were clearly erroneous and that any legal determinations stemming from them were contrary to law.

## **CONCLUSION**

For the reasons expressed above, Defendant's appeal of Judge Donio's February 2021 Order will be denied.

An appropriate Order will be entered.

Date: December 1, 2021         /s Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.